# SHALALA, SECRETARY OF HEALTH AND HUMAN SERVICES *v.* SCHAEFER

No. 92–311.   Argued March 31, 1993—Decided June 24, 1993

SCALIA, J., delivered the opinion of the Court, in which REHNQUIST, C. J., and WHITE, O'CONNOR, KENNEDY, SOUTER, and THOMAS, JJ., joined. STEVENS, J., filed an opinion concurring in the judgment, in which BLACKMUN, J., joined, *post*, p. 303.

*William K. Kelley* argued the cause *pro hac vice* for petitioner. On the briefs were *Solicitor General Starr, Acting Solicitor General Bryson, Assistant Attorney General Gerson, Deputy Solicitor General Mahoney, Edwin S. Kneedler,* and *William Kanter.*

*Randall J. Fuller* argued the cause for respondent. With him on the brief were *Brian Wolfman* and *David C. Vladeck.**

JUSTICE SCALIA delivered the opinion of the Court.

This case concerns the proper timing of an application for attorney's fees under the Equal Access to Justice Act (EAJA) in a Social Security case. Under 42 U. S. C. § 405(g), a claimant has the right to seek judicial review of a final

---

*Briefs of *amici curiae* urging affirmance were filed for Legal Services of Northern California, Inc., et al. by *Gary F. Smith* and *Gill Deford;* and for the National Organization of Social Security Claimants' Representatives by *Nancy G. Shor* and *Kirk B. Roose.*

decision of the Secretary of Health and Human Services denying Social Security benefits. One possible outcome of such a suit is that the district court, pursuant to sentence four of § 405(g), will enter "a judgment . . . reversing the decision of the Secretary . . . [and] remanding the cause for a rehearing." The issue here is whether the 30-day period for filing an application for EAJA fees begins immediately upon expiration of the time for appeal of such a "sentence-four remand order," or sometime after the administrative proceedings on remand are complete.

## I

In 1986, respondent Richard Schaefer filed an application for disability benefits under Title II of the Social Security Act, 49 Stat. 622, as amended, 42 U. S. C. § 401 et seq. (1988 ed. and Supp. III). He was denied benefits at the administrative level, and sought judicial review by filing suit against the Secretary as authorized by § 405(g). Schaefer and the Secretary filed cross-motions for summary judgment. On April 4, 1989, the District Court held that the Secretary had committed three errors in ruling on Schaefer's case and entered an order stating that "the Secretary's decision denying disability insurance benefits to [Schaefer] is reversed, that the parties' cross-motions for summary judgment are denied, and that the case is remanded to the Secretary for further consideration in light of this Order." App. to Pet. for Cert. 27a.

In accordance with this order, Schaefer's application for benefits was reconsidered at the administrative level, and was granted. On July 18, 1990, Schaefer returned to the District Court and filed an application for attorney's fees pursuant to EAJA. In response, the Secretary noted that Schaefer was required to file any application for EAJA fees "within thirty days of final judgment in the action," 28 U. S. C. § 2412(d)(1)(B), and argued that the relevant "final judgment" in the case was the administrative decision on

remand, which had become final on April 2, 1990. The District Court stayed action on Schaefer's EAJA application pending this Court's imminent ruling in *Melkonyan* v. *Sullivan*, 501 U. S. 89 (1991).

*Melkonyan* was announced shortly thereafter, holding that a final administrative decision could not constitute a "final judgment" for purposes of § 2412(d)(1)(B). *Id.,* at 96. In light of *Melkonyan*, the Secretary changed positions to argue that EAJA's 30-day clock began running when the District Court's April 4, 1989 order (not the administrative ruling on remand) became final, which would have occurred at the end of the 60 days for appeal provided under Federal Rule of Appellate Procedure 4(a). Thus, the Secretary concluded, Schaefer's time to file his EAJA application expired on July 3, 1989, over a year before the application was filed. The District Court, however, found Schaefer's EAJA application timely under the controlling Circuit precedent of *Welter* v. *Sullivan*, 941 F. 2d 674 (CA8 1991), which held that a sentence-four remand order is not a final judgment where "the district court retain[s] jurisdiction . . . and plan[s] to enter dispositive sentence four judgmen[t]" after the administrative proceedings on remand are complete. *Id.,* at 675. The District Court went on to rule that Schaefer was entitled to $1,372.50 in attorney's fees.

The Secretary fared no better on appeal. The Eighth Circuit declined the Secretary's suggestion for en banc reconsideration of *Welter*, and affirmed the District Court in an unpublished *per curiam* opinion. Judgt. order reported at 960 F. 2d 1053 (1992). The Secretary filed a petition for certiorari, urging us to reverse the Court of Appeals summarily. We granted certiorari, 506 U. S. 997 (1992), and set the case for oral argument.

## II

The first sentence of 28 U. S. C. § 2412(d)(1)(B) provides:

"A party seeking an award of fees and other expenses shall, *within thirty days of final judgment in the action,*

submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." (Emphasis added.)

In *Melkonyan* v. *Sullivan,* we held that the term "final judgment" in the highlighted phrase above "refers to judgments entered *by a court of law,* and does not encompass decisions rendered by an administrative agency." See 501 U. S., at 96. Thus, the only order in this case that could have resulted in the starting of EAJA's 30-day clock was the District Court's April 4, 1989, order, which reversed the Secretary's decision denying disability benefits and remanded the case to the Secretary for further proceedings.

In cases reviewing final agency decisions on Social Security benefits, the exclusive methods by which district courts may remand to the Secretary are set forth in sentence four and sentence six of § 405(g), which are set forth in the margin.[1] See *Melkonyan, supra,* at 99–100. Schaefer correctly

[1] Sentences four and six of 42 U. S. C. § 405(g) provide:

"[4] The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. . . . [6] The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a tran-

concedes that the District Court's remand order in this case was entered pursuant to sentence four.[2] He argues, however, that a district court proceeding under that provision need not enter a judgment at the time of remand, but may postpone it and retain jurisdiction pending completion of the administrative proceedings. That argument, however, is inconsistent with the plain language of sentence four, which authorizes a district court to enter a judgment "with or without" a remand order, not a remand order "with or without" a judgment. See *Sullivan* v. *Finkelstein*, 496 U. S. 617, 629 (1990). Immediate entry of judgment (as opposed to entry of judgment after postremand agency proceedings have been completed and their results filed with the court) is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six remand. See *Melkonyan, supra,* at 101–102.

Nor is it possible to argue that the judgment authorized by sentence four, if it includes a remand, does not become a "final judgment"—as required by § 2412(d)—upon expiration of the time for appeal. If that were true, there would never be any final judgment in cases reversed and remanded for further agency proceedings (including those which suffer that fate after the Secretary has filed the results of a sentence-six remand). Sentence eight of § 405(g) states that "[t]he judgment of the court"—which must be a reference to a sentence-four judgment, since that is the *only* judgment authorized by § 405(g)—"shall be final except that it shall be

---

script of the additional record and testimony upon which his action in modifying or affirming was based."

[2] Sentence-six remands may be ordered in only two situations: where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency. See § 405(g) (sentence six); *Melkonyan* v. *Sullivan,* 501 U. S. 89, 99–100, and n. 2 (1991); cf. *Sullivan* v. *Finkelstein,* 496 U. S. 617, 626 (1990). The District Court's April 4, 1989, remand order clearly does not fit within either situation.

subject to review in the same manner as a judgment in other civil actions." Thus, when the time for seeking appellate review has run, the sentence-four judgment fits squarely within the term "final judgment" as used in § 2412(d), which is defined to mean "a judgment that is final and not appealable." 28 U. S. C. § 2412(d)(2)(G). We described the law with complete accuracy in *Melkonyan*, when we said:

> "In sentence four cases, the filing period begins after the final judgment ('affirming, modifying, or reversing') is entered by the court and the appeal period has run, so that the judgment is no longer appealable. . . . In sentence six cases, the filing period does not begin until after the postremand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period runs." 501 U. S., at 102.

Schaefer raises two arguments that merit further discussion. The first is based on our decision in *Sullivan* v. *Hudson*, 490 U. S. 877, 892 (1989), which held that fees incurred during administrative proceedings held pursuant to a district court's remand order could be recovered under EAJA. In order "to effectuate *Hudson*," Schaefer contends, a district court entering a sentence-four remand order may properly hold its judgment in abeyance (and thereby delay the start of EAJA's 30-day clock) until postremand administrative proceedings are complete; otherwise, as far as fees incurred during the yet-to-be-held administrative proceedings are concerned, the claimant would be unable to comply with the requirement of § 2412(d)(1)(B) that the fee application include "the amount sought" and "an itemized statement . . . [of] the actual time expended" by attorneys and experts. In response, the Secretary argues that *Hudson* applies only to cases remanded pursuant to sentence six of § 405(g), where there is no final judgment and the clock does not begin to run. The difficulty with that, Schaefer contends, is that *Hudson itself* clearly involved a sentence-four remand.

On the last point, Schaefer is right. Given the facts re-cited by the Court in *Hudson*, the remand order there could have been authorized only under sentence four. See 490 U. S., at 880–881; cf. n. 2, *supra*. However, the facts in *Hudson* also show that the District Court had not terminated the case, but had retained jurisdiction during the remand. And that was a central element in our decision, as the penultimate sentence of the opinion shows:

> "We conclude that where a court orders a remand to the Secretary in a benefits litigation *and retains continuing jurisdiction over the case pending a decision from the Secretary which will determine the claimant's entitlement to benefits*, the proceedings on remand are an integral part of the 'civil action' for judicial review, and thus attorney's fees for representation on remand are available subject to the other limitations in the EAJA." 490 U. S., at 892 (emphasis added).

We have since made clear, in *Finkelstein*, that that retention of jurisdiction, that failure to terminate the case, was error: Under § 405(g), "each final decision of the Secretary [is] reviewable by a *separate* piece of litigation," and a sentence-four remand order "*terminate[s]* the civil action" seeking judicial review of the Secretary's final decision. 496 U. S., at 624–625 (emphases added). What we adjudicated in *Hudson*, in other words, was a hybrid: a sentence-four remand that the District Court had improperly (but without objection) treated like a sentence-six remand.[3] We specifically

---

[3] The Secretary not only failed to object to the District Court's retention of jurisdiction, but affirmatively endorsed the practice as a means of accommodating the lower court cases holding that a § 405(g) plaintiff does not become a prevailing party until Social Security benefits are actually awarded. Reply Brief for Petitioner in *Sullivan* v. *Hudson*, O. T. 1988, No. 616, pp. 12–13. Those precedents were highly favorable to the Government, of course, because they relieved the Secretary of liability for EAJA fees in all cases where Social Security benefits were ultimately denied. But they were also at war with the view—expressed later in the

noted in *Melkonyan* that *Hudson* was limited to a "narrow class of qualifying administrative proceedings" where "the district court retains jurisdiction of the civil action" pending the completion of the administrative proceedings. 501 U. S., at 97. We therefore do not consider the holding of *Hudson* binding as to sentence-four remands that are ordered (as they should be) without retention of jurisdiction, or that are ordered with retention of jurisdiction that is challenged.[4]

Schaefer's second argument is that a sentence-four remand order cannot be considered a "final judgment" for purposes of § 2412(d)(1)(B) because that provision requires the party seeking fees to submit an application "show[ing] that [he] is a prevailing party." That showing, Schaefer contends, cannot be made until the proceedings on remand are complete, since a Social Security claimant does not "prevail" until he is awarded Social Security benefits. The premise of this argument is wrong. No holding of this Court has ever denied prevailing-party status (under § 2412(d)(1)(B)) to a plaintiff who won a remand order pursuant to sentence four of § 405(g). Dicta in *Hudson* stated that "a Social Security

---

Secretary's *Hudson* reply brief—that a sentence-four remand order is a "final judgment" in the civil action. *Id.*, at 16. Essentially, the Secretary in *Hudson* wanted it both ways: He wanted us to regard retention of jurisdiction as proper for purposes of determining prevailing-party status, but as improper for purposes of awarding fees on remand.

[4] JUSTICE STEVENS says that our holding "overrul[es]" *Sullivan* v. *Hudson*, 490 U. S. 877 (1989). *Post*, at 304, 311. We do not think that is an accurate characterization. *Hudson* remains good law as applied to remands ordered pursuant to sentence six. And since the distinction between sentence-four and sentence-six remands was neither properly presented nor considered in *Hudson*, see *supra*, at 299, and n. 3, and *infra* this page and 301, limiting *Hudson* to sentence-six cases does not "overrule" the decision even in part. See *Brecht* v. *Abrahamson*, 507 U. S. 619, 631 (1993). We agree with JUSTICE STEVENS that until today there has been some contradiction in our case law on this subject. In resolving it, however, we have not simply chosen *Melkonyan*'s dicta over *Hudson*, but have grounded our decision in the text and structure of the relevant statutes, particularly § 405.

claimant would not, as a general matter, be a prevailing party within the meaning of the EAJA merely because a court had remanded the action to the agency for further proceedings." 490 U. S., at 887. But that statement (like the holding of the case) simply failed to recognize the distinction between a sentence-four remand, which terminates the litigation with victory for the plaintiff, and a sentence-six remand, which does not. The sharp distinction between the two types of remand had not been made in the lower court opinions in *Hudson*, see *Hudson* v. *Secretary of Health and Human Services*, 839 F. 2d 1453 (CA11 1988); App. to Pet. for Cert. in *Sullivan* v. *Hudson*, O. T. 1988, No. 616, pp. 17a–20a (setting forth unpublished District Court opinion), was not included in the question presented for decision,[5] and was mentioned for the first time in the closing pages of the Secretary's reply brief, see Reply Brief for Petitioner in *Sullivan* v. *Hudson*, O. T. 1988, No. 616, pp. 14–17. It is only decisions after *Hudson*—specifically *Finkelstein* and *Melkonyan*—which establish that the sentence-four, sentence-six distinction is crucial to the structure of judicial review established under § 405(g). See *Finkelstein*, 496 U. S., at 626; *Melkonyan*, 501 U. S., at 97–98.

*Hudson*'s dicta that remand does not generally confer prevailing-party status relied on three cases, none of which supports that proposition as applied to sentence-four remands. *Hanrahan* v. *Hampton*, 446 U. S. 754, 758–759 (1980), rejected an assertion of prevailing-party status, not by virtue of having secured a remand, but by virtue of having obtained a favorable procedural ruling (the reversal on appeal of a directed verdict) during the course of the judicial proceedings. *Hewitt* v. *Helms*, 482 U. S. 755 (1987), held

---

[5] As formulated in the Secretary's petition, the question on which the Court granted certiorari in *Hudson* was: "Whether Social Security administrative proceedings conducted after a remand from the courts are 'adversary adjudications' for which attorney fees are available under the [EAJA]." Pet. for Cert. in *Sullivan* v. *Hudson*, O. T. 1988, No. 616, p. I.

that a plaintiff does not become a prevailing party merely by obtaining "a favorable judicial statement of law in the course of litigation that results in *judgment against the plaintiff*," *id.*, at 763 (emphasis added). (A sentence-four remand, of course, is a judgment *for* the plaintiff.) And the third case cited in *Hudson, Texas State Teachers Assn.* v. *Garland Independent School Dist.*, 489 U. S. 782 (1989), affirmatively supports the proposition that a party who wins a sentence-four remand order is a prevailing party. *Garland* held that status to have been obtained "[i]f the plaintiff has succeeded on any significant issue in litigation which achieve[d] some of the benefit . . . sought in bringing suit." *Id.*, at 791–792 (citation and internal quotation marks omitted). Obtaining a sentence-four judgment reversing the Secretary's denial of benefits certainly meets this description. See also *Farrar* v. *Hobby*, 506 U. S. 103 (1992).

## III

Finally, Schaefer argues that, even if the District Court *should have* entered judgment in connection with its April 4, 1989 order remanding the case to the Secretary, the fact remains that it did not. And since no judgment was entered, he contends, the 30-day time period for filing an application for EAJA fees cannot have run. We agree.

An EAJA application may be filed until 30 days after a judgment becomes "not appealable"—*i. e.*, 30 days after the time for appeal has ended. See §§ 2412(d)(1)(B), (d)(2)(G); see also *Melkonyan*, 501 U. S., at 102. Rule 4(a) of the Federal Rules of Appellate Procedure establishes that, in a civil case to which a federal officer is a party, the time for appeal does not end until 60 days after "entry of judgment," and that a judgment is considered entered for purposes of the Rule only if it has been "entered in compliance with Rul[e] 58 . . . of the Federal Rules of Civil Procedure." Fed. Rules App. Proc. 4(a)(1), (7). Rule 58, in turn, requires a district court to set forth every judgment "on a separate document" and provides that "[a] judgment is effective only when so set

forth." See *United States* v. *Indrelunas*, 411 U. S. 216, 220 (1973) *(per curiam)*.

Since the District Court's April 4 remand order was a final judgment, see *supra*, at 299, a "separate document" of judgment should have been entered. It is clear from the record that this was not done. The Secretary does not dispute that, but argues that a formal "separate document" of judgment is not needed for an order of a district court to *become* appealable. That is quite true, see 28 U. S. C. § 1291; *Bankers Trust Co.* v. *Mallis*, 435 U. S. 381 (1978) *(per curiam); Finkelstein, supra*, at 628, n. 7, but also quite irrelevant. EAJA's 30-day time limit runs from the *end* of the period for appeal, not the *beginning*. Absent a formal judgment, the District Court's April 4 order remained "appealable" at the time that Schaefer filed his application for EAJA fees, and thus the application was timely under § 2412(d)(1).[6]

\*    \*    \*

For the foregoing reasons, the judgment of the Court of Appeals is

*Affirmed.*

JUSTICE STEVENS, with whom JUSTICE BLACKMUN joins, concurring in the judgment.

In *Sullivan* v. *Hudson*, 490 U. S. 877 (1989), a case, like this one, in which a federal court reversed the Secretary of

---

[6] We disagree with JUSTICE STEVENS' assertion that "the respondent has prevailed precisely *because* the District Court in this case did enter a remand order without entering a judgment." *Post*, at 305, n. 2 (emphasis in original). By entering a sentence-four remand order, the District Court did enter a *judgment;* it just failed to comply with the formalities of Rule 58 in doing so. That was error but, as detailed in the text, the relevant rules and statutes impose the burden of that error on the party seeking to assert an untimeliness defense, here the Secretary. Thus, contrary to JUSTICE STEVENS' suggestion, see *ibid.*, our ruling in favor of respondent is not at all inconsistent with the proposition that sentence four and sentence six provide the exclusive methods by which district courts may remand a § 405 case to the Secretary.

Health and Human Services' claims determination and remanded the case to the Social Security Administration (Agency) for reconsideration (a so-called "sentence-four" remand), we held that claimants who are otherwise eligible for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U. S. C. § 2412(d), are entitled to reimbursement for fees incurred on remand. In so holding, it was our understanding, consistent with "prevailing party" jurisprudence in other areas of the law, 490 U. S., at 886–887, that "[n]o fee award at all would have been available to [the claimant] absent successful conclusion of the remand proceedings," *id.*, at 889.

Two Terms later, in *Melkonyan* v. *Sullivan*, 501 U. S. 89 (1991), we stated in dicta that in sentence-four remand cases, the 30-day period in which claimants must submit their EAJA fee applications begins to run when the district court issues its remand order. *Id.*, at 101–102. That statement was in obvious tension with the holding of *Hudson;* for it makes little sense to start the 30-day EAJA clock running before a claimant even knows whether he or she will be a "prevailing party" under EAJA by securing benefits on remand.

The question presented in this case is how best to reconcile this tension in our cases. If we reject the Government's rather bizarre proposal of requiring *all* Social Security claimants who achieve a sentence-four remand to file a protective EAJA application within 30 days of the remand order, and then update or amend their applications if they are successful on remand, see Brief for Petitioner 26–30, we are left with essentially two alternatives. We can overrule *Hudson* and endorse *Melkonyan*'s dicta that the 30-day clock under EAJA begins to run once the district court issues a sentence-four remand order. That is the path followed by the majority. Alternatively, we can repudiate the dicta in *Melkonyan* and reaffirm the understanding of EAJA that we had at the time we decided *Hudson:* that fees are avail-

able for services rendered on remand before the Agency, and the 30-day EAJA clock begins to run when the district court enters a final, dispositive judgment for EAJA purposes once the proceedings on remand have been completed. That is the path followed by the Court of Appeals in this case and several Courts of Appeals that have struggled with the tension between *Hudson* and *Melkonyan*.[1] Because that approach accords with a proper understanding of the purposes underlying EAJA and, in my view, common sense, I would affirm not only the judgment of the Court of Appeals, but its reasoning as well.

The major premise underlying the Court's contrary decision today is that there is sharp distinction, for purposes of EAJA, between remands ordered pursuant to sentence four and sentence six of 42 U. S. C. § 405(g).[2] Legal expenses incurred in a "sentence-six" remand may be recoverable under EAJA, the Court suggests, whereas such expenses incurred in a sentence-four remand, the far more common of the two, are most definitely not recoverable. *Ante*, at 298–300. While this dichotomy has the superficial appeal of purporting to "harmoniz[e] the remand provisions of § 405(g) with the EAJA requirement that a 'final judgment' be entered in the civil action in order to trigger the EAJA filing period," *Mel-*

---

[1] See, *e. g., Hafner* v. *Sullivan*, 972 F. 2d 249, 252 (CA8 1992); *Labrie* v. *Secretary of Health and Human Services*, 976 F. 2d 779, 785 (CA1 1992); *Gutierrez* v. *Sullivan*, 953 F. 2d 579, 584 (CA10 1992).

[2] See *ante*, at 296–297, n. 1. The Court reasons that remands can be ordered only pursuant to sentence six or sentence four, and that Congress left no room for hybrids or for cases that did not fit neatly into either category. Thus, referring to "the plain language of sentence four," *ante*, at 297, the Court assumes that the sentence "authorizes a district court to enter a judgment 'with or without' a remand order, not a remand order 'with or without' a judgment," *ibid.* Ironically, when we come to the end of the Court's opinion, we learn that the respondent has prevailed precisely *because* the District Court in this case did enter a remand order without entering a judgment.

*konyan,* 501 U. S., at 102,[3] it directly contradicts, in my view, the admonition repeated in our cases that "the language of [EAJA] must be construed with reference to the purpose of . . . EAJA and the realities of litigation against the Government." *Sullivan* v. *Finkelstein,* 496 U. S. 617, 630 (1990). See also *Sullivan* v. *Hudson,* 490 U. S., at 889–890.

As explained above, our decision in *Hudson* was based in part on the premise that prevailing party status for purposes of EAJA could not be determined until after proceedings on remand were completed. I find unpersuasive the Court's attempt to distinguish cases relied upon in *Hudson* that we previously characterized as "for all intents and purposes identical." *Id.,* at 886; see *ante,* at 301–302.[4] Nevertheless,

---

[3] The EAJA, 28 U. S. C. § 2412, provides in relevant part:

"(d)(1)(A) [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

"(B) A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought . . . . The party shall also allege that the position of the United States was not substantially justified."

[4] As we explained in *Hudson:*

"[I]n a case such as this one, where a court's remand to the agency for further administrative proceedings does not necessarily dictate the receipt of benefits, the claimant will not normally attain 'prevailing party' status within the meaning of § 2412(d)(1)(A) until after the result of the administrative proceedings is known. The situation is for all intents and purposes identical to that we addressed in *Hanrahan* v. *Hampton,* 446 U. S. 754 (1980). There we held that the reversal of a directed verdict for defendants on appeal did not render the plaintiffs in that action 'prevailing parties' such that an interim award of attorney's fees would be justified under 42 U. S. C. § 1988. We found that such 'procedural or evidentiary rulings' were not themselves 'matters on which a party could "prevail" for purposes of shifting his counsel fees to the opposing party under

the Court's holding today that a claimant who secures nothing more than an order instructing the Secretary to try again is a "prevailing party" does undermine one premise of our decision in *Hudson*. It is, however, only one premise. *Hudson* stood on broader grounds, and I continue to believe that our opinion in that case correctly explained why legal services performed in agency proceedings on remand are properly within the coverage of EAJA:

> "We think the principles we found persuasive in [*Pennsylvania* v.] *Delaware Valley* [*Citizens' Council*, 478 U. S. 546 (1986),] and [*New York Gaslight Club, Inc.* v.] *Carey*[, 447 U. S. 54 (1980),] are controlling here. As in *Delaware Valley*, the administrative proceedings on remand in this case were 'crucial to the vindication of [respondent's] rights.' *Delaware Valley, supra*, at 561. . . . [T]he services of an attorney may be necessary both to ensure compliance with the District Court's order in the administrative proceedings themselves, and to prepare for any further proceedings before the District Court to verify such compliance. In addition, as we did in *Carey*, we must endeavor to interpret the fee statute in light of the statutory provisions it was designed to effectuate. Given the 'mandatory' nature of the administrative proceedings at issue here, and their

---

§ 1988.' *Id.*, at 759. More recently in *Texas State Teachers Assn.* v. *Garland Independent School Dist.*, 489 U. S. 782 (1989), we indicated that in order to be considered a prevailing party, a plaintiff must achieve some of the benefit sought in bringing the action. *Id.*, at 791–793. We think it clear that under these principles a Social Security claimant would not, as a general matter, be a prevailing party within the meaning of the EAJA merely because a court had remanded the action to the agency for further proceedings. See *Hewitt* v. *Helms*, 482 U. S. 755, 760 (1987). Indeed, the vast majority of the Courts of Appeals have come to this conclusion. See, *e. g., Paulson* v. *Bowen*, 836 F. 2d 1249, 1252 (CA9 1988); *Swedberg* v. *Bowen*, 804 F. 2d 432, 434 (CA8 1986); *Brown* v. *Secretary of Health and Human Services*, [747 F. 2d 878, 880–881 (CA3 1984)]." *Hudson*, 490 U. S., at 886–887.

close relation in law and fact to the issues before the District Court on judicial review, we find it difficult to ascribe to Congress an intent to throw the Social Security claimant a lifeline that it knew was a foot short. Indeed, the incentive which such a system would create for attorneys to abandon claimants after judicial remand runs directly counter to long established ethical canons of the legal profession. See American Bar Association, Model Rules of Professional Conduct, Rule 1.16, pp. 53–55 (1984). Given the anomalous nature of this result, and its frustration of the very purposes behind the EAJA itself, Congress cannot lightly be assumed to have intended it. See *Christiansburg Garment Co.* v. *EEOC*, 434 U. S. 412, 418–419 (1978). Since the judicial review provisions of the Social Security Act contemplate an ongoing civil action of which the remand proceedings are but a part, and the EAJA allows 'any court having jurisdiction of that action' to award fees, 28 U. S. C. § 2412(d)(1)(A), we think the statute, read in light of its purpose 'to diminish the deterrent effect of seeking review of, or defending against, governmental action,' 94 Stat. 2325, permits a court to award fees for services performed on remand before the Social Security Administration." 490 U. S., at 889–890.

*Hudson* was not based on a distinction between a remand ordered pursuant to sentence four and one ordered pursuant to sentence six of § 405(g), and it was not based solely on our understanding of "prevailing party" jurisprudence in other areas of the law. It was based also on the commonsense conclusion that allowing for the recovery of legal fees incurred on remand before the Agency was necessary to effectuate the purposes underlying EAJA, and that permitting the awarding of such fees accorded with Congress' intent in passing that statute.

That sound and eminently reasonable conclusion was not undermined by our decision in *Sullivan* v. *Finkelstein*, 496

U. S. 617 (1990), the case that first drew the distinction between sentence-four and sentence-six remands. To be sure, there is language in *Finkelstein* that supports the Court's conclusion today that a final judgment must accompany a sentence-four remand order and that such a judgment starts the 30-day clock for filing a fee application under EAJA. But *Finkelstein,* unlike *Hudson,* was not a case interpreting EAJA. The question presented was whether the District Court order invalidating Agency regulations as inconsistent with the Social Security Act was a "final decision" within the meaning of 28 U. S. C. § 1291 and thus subject to immediate appeal by the Secretary. In holding that it was, we were careful to note that the issue presented was "appealability," not "the proper time period for filing a petition for attorney's fees under EAJA." 496 U. S., at 628–629, n. 8. More directly, we expressly declined respondent's invitation to import into our analysis of appealability under § 1291 our reasoning and analysis of the EAJA in *Hudson.* See 496 U. S., at 630.

In *Melkonyan,* we changed course. The distinction that we had drawn between the question of appealability under § 1291 and eligibility for fees under EAJA was blurred; in *Melkonyan,* we imported wholecloth our analysis from *Finkelstein,* which, again, concerned § 1291, into our analysis of when the 30-day limitations period for filing an EAJA fee application began to run. It was in that case that we first crafted the rigid distinction between a sentence-four remand and a sentence-six remand *for purposes of EAJA,* and stated in dicta that the "final judgment in the action" referred to in § 2412(d)(1)(B) of EAJA was the judgment entered concomitantly with a sentence-four remand order.

In my opinion, we should abandon that dicta. While the distinction between a sentence-four and a sentence-six remand may have some force for purposes of appealability, it is a distinction without a difference when viewed, as it should be, "with reference to the purpose of the EAJA and

the realities of litigation against the Government." *Finkelstein*, 496 U. S., at 630. Regardless of whether the remand is ordered pursuant to sentence four or sentence six, the claimant will be dependent on the lawyer's services on remand in order to secure the benefits to which he or she may be entitled. If anything, recovery of fees in cases remanded pursuant to sentence four is more important for purposes of effectuating the goals of EAJA than the recovery of fees in sentence-six cases. As we explained in *Finkelstein*, a sentence-six remand frequently occurs because the claimant seeks to present new evidence of which neither the Agency nor the claimant was aware at the time the Secretary's benefits determination was made. *Id.*, at 626. Thus, in many sentence-six cases the added expenses incurred by the claimant on remand cannot be attributed to any wrongful or unjustified decisions by the Secretary. That is not the case, of course, with a sentence-four remand; a court's order to remand a case pursuant to sentence four of § 405(g) necessarily means that the Secretary has committed legal error. The claimant is sent back to the administrative proceedings, with all the expenses incurred therein, *precisely because* of decisions made by the Secretary. For the reasons we articulated in *Hudson*, fees incurred under these circumstances should be covered under EAJA.

Claimants have 30 days from "final judgment in the action" to file an application for fees. 28 U. S. C. § 2412(d)(1)(B). In *Hudson*, the Government conceded that the "final judgment" referred to in § 2412(d)(1)(B) was a judgment entered in the district court *after* the proceedings on remand were completed. *Hudson*, 490 U. S., at 887. In my view, nothing in *Finkelstein*, a case interpreting a different statute, undermined that commonsense understanding of the procedural steps that must be taken to become eligible for a fee award: (1) secure a remand order; (2) prevail on remand; and (3) have an appropriate judgment entered. I would therefore disavow the dicta in *Melkonyan* and hold, as did the court

below and the Courts of Appeals for two other Federal Circuits,[5] that

> "[w]hen a judicial remand order in Social Security disability cases contemplates additional administrative proceedings that will determine the merits of the claimant's application for benefits, and thus will determine whether the claimant is a prevailing party, the district court retains discretion to enter a final judgment for EAJA purposes after the proceedings on remand have been completed." *Hafner* v. *Sullivan,* 972 F. 2d 249, 252 (CA8 1992).

Thus, while I agree with the Court's judgment in this case, I respectfully disagree with its decision to overrule *Sullivan* v. *Hudson.*

---

[5] See n. 1, *supra.*