**Edna Carol NOBLES,**

v.

**COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION.**

No. 9:00–cv–128.

United States District Court,
E.D. Texas,
Lufkin Division.

Jan. 22, 2003.

Timothy N. Derigo, Attorney at Law, Midland, TX, for Plaintiff.

Steven MacArthur Mason, Asst. Attorney Kenneth S. Apfel, U.S. Attorney's Office, Tyler, TX, for Defendant.

### *ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE*

COBB, District Judge.

The Court heretofore ordered that this matter be referred to the Honorable Earl S. Hines, United States Magistrate Judge, for consideration pursuant to applicable law and orders of this Court. Pursuant to such order, the Court has received and considered the Report of the United States Magistrate Judge Re Application for Attorney's Fees, along with plaintiff's brief and exhibits. Since the plaintiff's application was unopposed, no objections to the Report of the United States Magistrate Judge will be filed.

Accordingly, the findings of fact and conclusions of law of the United States

Magistrate Judge are correct and the Report of the United States Magistrate Judge is **ADOPTED**. An order granting application for attorney's fees will be entered separately.

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE APPLICATION FOR ATTORNEY'S FEES

HINES, Magistrate Judge.

This case is referred to the undersigned United States Magistrate Judge for review, hearing if necessary, and submission of a report with recommended findings of fact and conclusions of law.[1]

### I. Nature of the Case

This is an action for judicial review of a decision of defendant, Commissioner of Social Security Administration (Commissioner), denying an application for social security disability benefits. The court has jurisdiction under 42 U.S.C. § 405(g).

### II. Proceedings

The action was commenced on May 22, 2000. The Commissioner answered, and the court issued a briefing order.[2] Plaintiff's brief alleged, *inter alia,* that the Administrative Law Judge (ALJ) who considered plaintiff's application and issued a decision denying benefits erred by improperly applying the Medical–Vocational Guidelines to determine disability status.

On April 30, 2002, the court reversed the Commissioner's decision and remanded the case for rehearing pursuant to the fourth

sentence of Title 42 United States Code, § 405(g).[3] See Docket No. 17. The order of remand constituted a final judgment. *See Shalala v. Schaefer,* 509 U.S. 292, 301, 113 S.Ct. 2625, 2631, 125 L.Ed.2d 239 (1993).

### III. Application for Attorney's Fees

Plaintiff failed to timely file a petition for attorney's fees pursuant to the Equal Access to Justice Act, codified at 28 U.S.C. § 2412, et seq. On August 12, 2002, plaintiff filed "Plaintiff/Appellant's Motion for Equitable Tolling, or in the Alternative to Vacate Final Judgment, Reopen this Matter, and Refile Final Judgment" (Docket No. 18). As grounds, plaintiff stated that he did not receive a copy of the final judgment in this matter and, as a result, failed to timely file his petition for attorney's fees. The Commissioner did not oppose plaintiff's motion. The court thereafter granted plaintiff's motion, extended the time allowed the file the petition for attorney's fees through August 20, 2002, and deemed plaintiff's petition to be timely filed.

Now before the court is plaintiff's post-judgment "Notice of Application for Attorney Fees and Costs Pursuant to the Equal Access to Justice Act" (Docket No. 20) and affidavit in support of the petition (Docket No. 21). Through the motion, affidavit, and attached exhibits, plaintiff requests an award of $4,572.32. This sum consists of litigation expenses of $9.82, court costs of

---

1. *See* 28 U.S.C. § 636(b)(1)(B) and Local Rules for the Assignment of Duties to United States Magistrate Judges.

2. By local orders of the court, complaints seeking judicial review of administrative decisions denying applications for social security benefits are treated as appeals. The party seeking review is required to specify alleged points of error, and to submit a brief containing legal arguments directed to those points.

The Commissioner is ordered to file a brief in response. The court limits the scope of its judicial review to the points argued in the briefs.

3. Sentence four of Section 405(g), Title 42, United States Code, authorizes the court, after considering the pleadings and transcript of the record, to order remand in conjunction with a judgment affirming, modifying, or reversing the decision of the Commissioner.

$159.82, and 35.30 hours of professional attorney time at $125.00 per hour.

Defendant has not opposed the motion. *See* Local Rule CV–7(e) (allowing a party 15 days to respond if the motion is opposed).

## IV. Standards for Attorney Fee Awards

The Equal Access to Justice Act empowers district courts to award attorney's fees to parties who prevail in litigation against the United States. Pursuant to 28 U.S.C. § 2412(d)(1)(A), attorney fees, costs, and expenses shall be awarded to a prevailing party opposing the government unless the position of the United States was substantially justified or special circumstances make an award unjust.[4] Section 2412(d)(2)(A)(ii) directs that attorney fees not be awarded in excess of $125.00 per hour, unless the court determines that an increase in the cost of living or a special factor justifies a higher fee.[5]

## V. Discussion

When United States district courts remand actions under sentence four of Section 405(g), the plaintiff (claimant) is a prevailing party for EAJA purposes. *Shalala v. Schaefer*, 509 U.S. at 301, 113 S.Ct. 2625. Consequently, plaintiff in this action is entitled to an award of attorney's fees, expenses and costs of court absent special circumstances or a showing that the position of the United States was substantially justified. No special circumstances appear in this case, and the Commissioner has not offered any proof or argument suggesting that the position of the United States was substantially justified. Indeed, by failing to submit any response to the motion, the Commissioner indicates no opposition. When a non-moving party fails to oppose a motion in the manner set forth in local rules of court, the court may and should assume that the party has no opposition. *See Guilbeaux v. 3927 Foundation, Inc.* 177 F.R.D. 387, 389 (E.D.Tex., 1998)(Schell, C.J.).

Counsel's affidavit (Docket No. 21) includes a detailed recitation of legal services performed and time required, totaling 35.30 hours. This amount of time was reasonably necessary to pursue plaintiff's appeal of the Commissioner's unfavorable decision. Counsel also requests compensation at the rate of $125.00 per hour. This rate is not in excess of the statutory maximum and is in accord with other attorney fees awarded in this division. See n. 4, *supra*, and *Lionel Wiltz v. Secretary HHS* (No. 1:00cv432). Finally, the docket reflects that filing fee of $150.00, which counsel claims as court cost, was actually paid to clerk of court on May 22, 2000.

## Recommendation

Plaintiff's application for attorney's fees should be granted. The court should order the Commissioner of Social Security to pay Timothy N. Derigo, counsel for plaintiff, an attorney fee, costs and expenses under the Equal Access to Justice Act in the amount of $4,572.32.

---

4. The statute states:

"[A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action ... including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."
28 U.S.C. § 2412(d)(1)(A).

5. "(A)ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."

28 U.S.C. § 2412(d)(2)(A)(ii)(2002).

### Objections

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objection to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). However, the relief requested by plaintiff is unopposed by defendant. Therefore, the court may act on the report and recommendation immediately.

Dec. 26, 2002.