**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Argued March 3, 2010
Decided March 16, 2010

### Before

FRANK H. EASTERBROOK, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

| | |
|---|---|
| No. 09-3606 | |
| DENNIS FROST, <br>     *Plaintiff-Appellant,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | |
| MICHAEL J. ASTRUE, <br> Commissioner of Social Security, <br>     *Defendant-Appellee.* | No. 08-2106 <br> David G. Bernthal, *Magistrate Judge.* |

### Order

An administrative law judge turned down Dennis Frost's application for disability benefits. A magistrate judge, presiding by consent, see 28 U.S.C. §636(c), concluded that the ALJ's decision was too sketchy to allow judicial review. Although the magistrate judge thought that substantial evidence supports the ALJ's credibility findings, he believed that the ALJ's decision did not contain enough discussion of Frost's mental-health records to convey the ALJ's reasons for preferring one interpretation of those records over another, and particularly for disagreeing with Dr. Howard Levine's evaluation of Frost's condition. The magistrate judge remarked: "Some evidence in these records would support the ALJ's conclusion that [Frost's] mental health was improving, but other evidence suggests the opposite." The magistrate judge remanded for a better explanation under sentence 4 of 42 U.S.C. §405(g). 2009 U.S. Dist. LEXIS 52473 (C.D. Ill. June 22, 2009).

Frost then applied for attorneys' fees, which the Equal Access to Justice Act makes available "unless the court finds that the position of the United States was substantially justified." 28 U.S.C. §2412(d)(1)(A). As Frost saw matters, a disability benefits decision that is substantially justified must be affirmed; since this one was vacated and remanded, the government's position cannot have been substantially justified. The magistrate judge saw things differently. He noted that the ALJ's credibility finding had been

sustained, and that the remand reflected shortcomings in the ALJ's opinion rather than any conclusion that Frost is entitled to benefits—let alone so clearly entitled to disability benefits that any contrary litigating position could not be substantially justified.

Frost's appeal repeats his contention that the reasons supporting the remand under §405 necessarily show that the Commissioner's position was not substantially justified. We rejected a similar contention in *United States v. Thouvenot, Wade & Moerschen, Inc.*, No. 09-2421 (7th Cir. Feb. 18, 2010). That opinion covered three consolidated appeals. The third, *Park v. Astrue*, was in the same posture as Frost's. Park applied for disability benefits; an ALJ denied the application; a judge remanded under §405 after concluding that the ALJ had not adequately explained his conclusions; the same judge then denied a motion for attorneys' fees under the EAJA. We held that a remand does not necessarily entitle the claimant to attorneys' fees; to the contrary, we stated, when the same judge who remanded a case concludes that the agency's position nonetheless was substantially justified, "that decision is entitled to substantial weight" on appeal. *Thouvenot*, slip op. 18.

Only if the district court abused its discretion may we reverse a decision to deny (or grant) a motion for fees under the EAJA. *Pierce v. Underwood*, 487 U.S. 552, 559-63 (1988). That deferential standard, combined with the "substantial weight" to which the judge's decision is entitled, leads to affirmance. Insufficient explanation by an ALJ differs from lack of substantial justification for a denial of benefits. For all we can tell, benefits may again be denied on remand, and that decision may be sustained on judicial review; Frost's victory may be short lived. We recognize that the remand *is* a victory that can in principle support an award of fees, see *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). But nothing about this remand, in particular, implies the absence of substantial justification. Many a justified position is poorly explained; the magistrate judge thought that this is the right way to understand the ALJ's decision on Frost's claim.

"Substantially justified" does not mean "right"; that's one holding of *Underwood*. The EAJA differs from 42 U.S.C. §1988(b) and many similar statutes because it does not require an award to every prevailing party. Trying to figure how grave an error is required before the government's defense of its position lacks "substantial justification" is a difficult exercise in line-drawing, as the Supreme Court concluded in *Underwood*. The magistrate judge did not abuse his discretion in placing this case on the "substantially justified, if unsuccessful" side of that line.

AFFIRMED