NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2941
_____

THOMAS L. BRYAN,
                                    Appellant

v.

COMMISSIONER OF SOCIAL SECURITY


_____

On Appeal from the United States District Court
For the Middle District of Pennsylvania
(D.C. Civil Action No. 3-07-cv-02121)
District Judge:  Honorable A. Richard Caputo
_____

Submitted Under Third Circuit LAR 34.1(a)
April 18, 2012
_____

Before:  SCIRICA, AMBRO and FISHER, Circuit Judges

(Opinion filed: April 19, 2012 )
_____

OPINION
_____

AMBRO, Circuit Judge

        Thomas L. Bryan appeals the District Court's order denying his motion for

attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C.

§ 2412(d).  For the reasons that follow, we affirm.

## I. Background

Because we write solely for the parties, we recite only those facts necessary to our decision. In October 2004, Bryan applied for Disability Insurance Benefits and for Supplemental Security Income under the Social Security Act. Bryan's claim was based on numerous physical ailments, including degenerative disc disease of the lumbar spine.

The state agency denied his application, whereupon he requested a hearing before an Administrative Law Judge ("ALJ"). At the hearing, Bryan, who was represented by counsel, testified about his medical history and symptoms. The ALJ also took the testimony of an impartial vocational expert concerning the employment that might be suitable for Bryan in light of his condition. The ALJ denied Bryan's application. Bryan then petitioned the Appeals Council of the Social Security Administration, which denied review and thus made the ALJ's decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See Sims v. Apfel*, 530 U.S. 103, 106- 07 (2000); 20 C.F.R. § 422.210.

Having exhausted his administrative remedies, Bryan sought review of the ALJ's decision in the District Court. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). The Magistrate Judge issued a Report and Recommendation ("R&R") that recommended affirming the ALJ's decision. The Court adopted the R&R and affirmed the ALJ's decision.

Bryan appealed this decision to us. We agreed with the District Court that six of Bryan's ailments were not disabling such that he was entitled to benefits or income under the Social Security Act. We thus sustained the Court's decision as to these ailments. However, we reversed and remanded to the Court for it to instruct the ALJ to reconsider

his determination that Bryan had sufficient residual functional capacity ("RFC") to perform his previous work despite his degenerative disc disease. *Bryan v. Comm'r of Soc. Sec.*, 383 F. App'x 140 (3d Cir. 2010). In particular, we questioned two points of the ALJ's decision. We were concerned that he did not "properly take account of Bryan's testimony regarding his daily activities" and "mention significant medical evidence that directly contradict[ed] [the] conclusion that Bryan was no longer suffering from significant pain." *Id.* at 148.

On remand, Bryan amended his alleged disability onset date from April 2003 to June 2007. His application subsequently was approved.

Following our decision, Bryan filed his motion for attorneys' fees and costs under the EAJA for work performed before the District Court and us. Applying our three-part test (see below) to determine whether the Government had demonstrated that its position was substantially justified (and thus that an award of fees was not proper under the EAJA), the Court held that the Commissioner's position was substantially justified and denied the motion. Specifically, it determined that the Commissioner's position had: (1) a reasonable basis in truth for the facts alleged because it was supported by substantial evidence, as indicated by the Court's affirmance of the ALJ's decision and our affirmance of that decision as to all but one of Bryan's ailments; (2) a reasonable basis in law because it was grounded in case law; and (3) a reasonable connection between the facts alleged and the legal theory relied on, again as evidenced by the Court's affirmance of the ALJ's decision and our affirmance of that decision as to all but one of Bryan's ailments.

3

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction under 42 U.S.C. §§ 405(g), 1383(c)(3). We have jurisdiction under 28 U.S.C. § 1291.

We review a district court's denial of a motion for fees and costs under the EAJA for abuse of discretion. *Morgan v. Perry*, 142 F.3d 670, 682 (3d Cir. 1998). "An abuse of discretion arises when the district court's decision 'rests upon a clearly erroneous finding of fact, an errant conclusion of law[,] an improper application of law to fact[,] . . . [or] when no reasonable person would adopt the district court's view.'" *Id.* at 682‑83 (quoting *Hanover Potato Prods., Inc. v. Shalala*, 989 F.2d 123, 127 (3d Cir. 1993)).

## III. Discussion

Under the EAJA, a prevailing party is entitled to attorneys' fees and costs unless the Government's position was substantially justified or if special circumstances would make the award unjust. 28 U.S.C. § 2412(d)(1)(A). On appeal, Bryan argues that the Commissioner's position was not substantially justified because it was contrary to established precedent. He further contends that the District Court unduly emphasized the decisions of the ALJ and the Magistrate Judge.[1]

---

[1] The Commissioner argues that Bryan is not a prevailing party for purposes of the EAJA because on remand he amended his alleged disability onset date and thus obtained benefits for a period other than the period for which he argued on appeal before us. We remanded Bryan's appeal under the sentence of 42 U.S.C. § 405(g) that provides that "the court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." A plaintiff who obtains a remand under this sentence is a prevailing party. *See Shalala v. Schaefer*, 509 U.S. 292, 300‑02 (1993) (stating that a party who obtains a remand under this sentence of § 405(g) "certainly" is a prevailing party because she or he has "succeeded on any significant issue

4

Under the EAJA, the government's position is substantially justified if it is "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal marks and citations omitted). As noted, we have established a three-prong test to determine whether a position is substantially justified. The Government must demonstrate: "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Morgan*, 142 F.3d at 684 (citation omitted). Moreover, a "court must not assume that the government's position was not substantially justified because the government lost on the merits." *Kiareldeen v. Ashcroft*, 273 F.3d 542, 554 (3d Cir. 2001) (internal marks and citations omitted).

Here, as the District Court recognized, there was considerable evidence supporting the Commissioner's position, including medical history, doctors' reports, the testimony of the vocational expert, and Bryan's own testimony. In addition, both the Magistrate Judge and the District Court determined that the ALJ's decision was supported by substantial evidence. *See Pierce*, 487 U.S. at 568‑69 (stating that a court may rely on the views of other courts on the merits as one "objective indicia" of whether the government's position was substantially justified); *Friends of the Boundary Waters Wilderness v. Thomas*, 53 F.3d 881, 885 (8th Cir. 1995) ("The most powerful indicator of the reasonableness of an ultimately rejected position is a decision on the merits and the

in litigation which achieved some of the benefit . . . sought in bringing suit" (quoting *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791‑92 (1989)); *Johnson v. Gonzales*, 416 F.3d 205, 209 (3d Cir. 2005). Bryan thus is a prevailing party.

5

rationale which supports that decision.  The views of the district court and dissenting judges are properly considered when conducting this inquiry.").

Further, though we remanded for the ALJ to reconsider Bryan's testimony regarding his degenerative disc disease based on our holding that the ALJ was required to evaluate all the evidence as to a RFC, *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112 (3d Cir. 2000), regulations regarding the evaluation of a claimant's subjective complaints allow for credibility determinations in light of other medical evidence.  *See* 20 C.F.R. §§ 404.1529(a), (c)(1), 416.929(a), (c)(1).  *See also Burns v. Barnhart*, 312 F.3d 113, 129‑ 30 (3d Cir. 2002) (discussing how the ALJ is to make disability determinations).  The Commissioner's legal position was not entirely correct, but it did not rise to the level of unreasonableness.  Indeed, we agreed with the ALJ's assessment of Bryan's six other ailments, indicating that there was a reasonable connection between the facts alleged and the legal theory advanced.  The Commissioner's position thus was substantially justified.  The District Court acted within its discretion in denying Bryan's motion for attorneys' fees and expenses.

\*   \*   \*   \*   \*

For the foregoing reasons, we affirm the District Court's decision.