15 F.3d 1089
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Roberta SALVADOR, Plaintiff-Appellant,
v.
Donna E. SHALALA,** Secretary, Health and
Human Services, Defendant-Appellee.
 No. 92-15552.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 10, 1994.*
Decided Jan. 12, 1994.
 
 Before: ALDISERT,*** WIGGINS, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM****
 
 
 2
 Roberta Salvador appeals from the district court's denial of her application for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. Sec. 2412(d). Salvador contends the district court erred by finding that her application for fees was untimely, thus depriving the court of jurisdiction. We have jurisdiction under 28 U.S.C. Sec. 1291, and we reverse and remand.
 
 
 3
 Salvador originally brought an action in district court challenging the Secretary's denial of her application for disability benefits. After proceedings in the district court and this court, the district court reversed the Secretary's decision and remanded the case for reconsideration pursuant to sentence-four of 42 U.S.C. Sec. 405(g). The district court did not enter a separate judgment document with the remand order. On remand, the ALJ found that Salvador was entitled to disability benefits and entered an order on August 30, 1991, which the government did not appeal. On September 30, 1991, Salvador filed an application for attorney's fees under the EAJA in district court.
 
 
 4
 The Supreme Court recently held that the 30-day period for filing an application for EAJA fees begins to run immediately upon the expiration of the time for appellate review of a sentence-four remand order. Shalala v. Schaefer, 113 S.Ct. 2625, 2629 (1993). Under Fed.R.Civ.P. 58, the district court is required to enter a judgment on a separate document to begin the appeal period for a sentence-four remand order. Id. at 2632. A remand order is not a separate judgment within the meaning of Rule 58 and does not begin the time period for filing a fee application under the EAJA. Id. Without the benefit of Schaefer, the court denied the application as untimely on January 27, 1992. The court held that, although no separate document of judgment was filed, the remand order constituted a final judgment. The Supreme Court squarely rejected this reasoning. See id.
 
 
 5
 In light of Schaefer, we conclude that, absent the entry of the separate written judgment required by Rule 58, the district court's remand order remained appealable and therefore Salvador's fee application was timely. Accordingly, we reverse the district court's judgment and remand for the court to consider whether the government's position was substantially justified. We express no opinion regarding the merits of such decision.[1]
 
 
 6
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 Donna E. Shalala is substituted for Louis W. Sullivan pursuant to Fed.R.App.P. 43(c)(1)
 
 
 ***
 Honorable Ruggero J. Aldisert, United States Circuit Judge for the Third Circuit, sitting by designation
 
 
 ****
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 Salvador's motion for remand is denied as moot