**Sunnary PRAK, Plaintiff,**

v.

**Shirley S. CHATER, Commissioner of Social Security, Defendant.**

No. 94 C 4856.

United States District Court,
N.D. Illinois,
Eastern Division.

Dec. 8, 1995.

Daniel Robert Bourke, Law Office of Daniel Bourke, Chicago, IL, for plaintiff.

Sunnary Prak, pro se.

James John Kubik, United States Attorney's Office, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

This Court's July 5, 1995 memorandum opinion and order, reported at 892 F.Supp. 1081, granted the motion of disability insurance applicant Sunnary Prak ("Mr. Prak") in which he sought a remand of the denial of his claim for benefits by the Commissioner of Social Security, Shirley Chater (the "Commissioner"). Mr. Prak now seeks to recover his attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (1988) ("EAJA"). For the reasons stated below, his request is granted, but for an amount slightly less than that which he sought.

### The EAJA Standard

■ The relevant provision of the EAJA calls for the government to pay the fees and expenses of a "prevailing party ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Mr. Prak is a "prevailing party" based on my sentence-four remand, Shalala v. Schaefer, —— U.S. ——, ——, 113 S.Ct. 2625, 2631, 125 L.Ed.2d 239 (1993), and thus the issue before me is whether the government's position was "substantially justified."

■ The government bears the burden of proving that its position, which includes both the underlying agency conduct in its initial determination of the claim and the agency's litigation stance, was substantially justified. Marcus v. Shalala, 17 F.3d 1033, 1036 (7th Cir.1994). The position is substan-

tially justified "if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Id. (quoting Pierce v. Underwood, 487 U.S. 552, 566 n. 2, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988)). A position may be substantially justified, despite its rejection by a court. Id.

### The Government's Position

Mr. Prak sought disability benefits, claiming that he suffered from Post–Traumatic Stress Disorder ("PTSD") and was therefore disabled. The Administrative Law Judge ("ALJ") denied his application. In so doing, she erroneously found that Mr. Prak had never been diagnosed with PTSD.[1] Mr. Prak then appealed this decision to the Appeals Council, submitting another diagnosis of PTSD from a Dr. Lewis. The Appeals Council did not find this new evidence material, in part because it found that Dr. Lewis's evaluation did not address the appropriate time period (i.e. prior to the expiration of Mr. Prak's insured status). I also concluded that this determination was wrong, since Dr. Lewis's evaluation clearly explained Mr. Prak's medical history of panic attacks dating back as far as 1987.[2]

■ Because both the ALJ and the Appeals Council read the evidence erroneously, the underlying agency conduct did not have a "reasonable basis in ... fact." The Commissioner argues that despite the errors, the agency's decision that Mr. Prak could perform a significant number of jobs, even with his panic attacks, was substantially justified. In its brief, however, it fails to specifically address these two factual errors. I therefore find that the government has not proven that its position was substantially justified and Mr. Prak is entitled to his attorney's fees.[3]

### Quantifying the Award

■ Because I find that Mr. Prak is entitled to attorney's fees, I must now quan-

---

1. The evidence before the ALJ included the results of a psychological exam performed by Dr. Rowe in which Dr. Rowe diagnosed Mr. Prak with PTSD.

2. Mr. Prak's insured status did not expire until June 30, 1991.

3. Because I find that the underlying agency conduct was not a substantially justified position, I need not address whether its litigating position was substantially justified. See Marcus, supra, 17 F.3d at 1036 ("[F]ees may be awarded in cases where the government's prelitigation conduct was not substantially justified even though its litigating position may have been.").

tify that award. Under the EAJA, the court may award a reasonable attorney fee not to exceed a rate above the statutory ceiling of $75 per hour. 28 U.S.C. § 2412(d)(2)(A)(ii). The court may increase the EAJA hourly rate to reflect a change in the cost of living, using the Consumer Price Index ("CPI") for the year in which the fees were incurred. *Id.; Marcus, supra,* 17 F.3d at 1040. Mr. Prak bears the burden of proving that his claimed fees are reasonable. *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983). The affidavit of Mr. Prak's counsel seeks compensation for 61 hours spent working on this litigation and an expected 7.75 hours of work spent on completing a reply brief. Mr. Prak, however, did not submit a reply brief, and thus this 7.75 hours will obviously not be allowed. The 61 hours claimed by Mr. Prak will be further reduced in two ways. First, Mr. Prak's counsel is not entitled to compensation for the time spent in obtaining an extension of time for filing his summary judgment motion. *See Kolesar v. Shalala,* No. 93 C 3834, 1994 WL 142974 (N.D.Ill. April 15, 1994) (Shadur, J.). Thus I will not award compensation for this claimed 2.25 hours ($272.67).

▮ Second, Mr. Prak's counsel seeks $2,117.97 for the time spent researching, preparing, and filing his petition for fees under the EAJA. This unreasonable sum amounts to almost one-third of his entire fee request. For example, it includes $306.95 for researching each month's CPI and preparing the monthly adjusted rate schedule. Mr. Prak's counsel was not required to make this calculation because the yearly CPI is an adequate measure of the appropriate hourly fee. *See Marcus, supra,* 17 F.3d at 1040. Although I will use the monthly calculations offered, because they have already been completed, there was no need for Mr. Prak's counsel to spend his time for this extensive and unnecessary detail. Indeed, as the Commissioner correctly points out, Mr. Prak's counsel invested his time for a very poor return. Using the greatest CPI-deviation (between August, 1994 and September, 1995) yields an hourly wage difference of only $3.13. Thus even billing the entire 61 hours at the September, 1995 rate would provide Mr. Prak's counsel an increase in his total bill of only $190.93. Mr. Prak's counsel, however, asks for $306.95 to calculate the increased rate. Expending over $300 for a return of less than $200 is not reasonable.

Additionally, Mr. Prak's counsel seeks $337.65 for the time he spent drafting and correcting the summary of services for which he was seeking reimbursement. Mr. Prak's counsel also seeks reimbursement for 8.25 hours spent drafting his request and supporting memorandum. In contrast, Mr. Prak's counsel spent only 7.25 hours drafting his summary judgment motion. These factors combined convince me to find that the fees incurred in preparing the EAJA claim were not reasonable. I will therefore disallow the $306.95 claimed for researching the CPI information and its calculation. I will also reduce the amount claimed for drafting the EAJA application, memorandum, and summary of services by one-third, or $450.20. Mr. Prak's counsel will still receive $1,360.82 for preparing a petition to capture $4,865.80 in fees.

### Conclusion

For the reasons stated above, I find that the government's position was not substantially justified and therefore Mr. Prak is entitled to his attorney's fees under the EAJA. I find those fees to reasonably total $6,226.62 and the government is ordered to pay that amount.