Leclerc v. SSA                          CV-93-648-B    07/31/96
                   **UNITED STATES DISTRICT COURT**
                   **FOR THE DISTRICT OF NEW HAMPSHIRE**


<u>Kevin LeClerc</u>

     v.                                  Civil No. 93-648-B

<u>Shirley S. Chater, Commissioner of the</u>
<u>Social Security Administration</u>[1]


                         **O R D E R**


     Kevin LeClerc moves for an award of attorneys' fees under

the Equal Access to Justice Act ("EAJA"), 28 U.S.C.A. § 2412(d).

The EAJA provides for fees to a prevailing party in litigation

with the United States "unless the court finds that the position

of the United States was substantially justified or that special

circumstances make an award unjust."  28 U.S.C.A. §

2412(d)(1)(A).  The Commissioner opposes LeClerc's motion on the

_____

     [1]  The defendant in this case was originally Donna Shalala,
Secretary of Health and Human Services.  Pursuant to the Social
Security Independence and Program Improvements Act of 1994,
effective March 31, 1995, the functions of the Secretary of
Health and Human Services in social security cases were
transferred to the Commissioner of Social Security.  Pub.L. No.
103-296.  The Commissioner has been substituted for the Secretary
in the title of the case, Fed. R. Civ. P. 25(d), but I will
continue to refer to the Secretary when the proceedings predate
the change in name.

grounds that the government's position was substantially justified within the meaning of the EAJA. Therefore, the Commissioner bears the burden of showing that the government's position both in the ALJ proceeding and here "had a reasonable basis in law and fact" even though it was ultimately reversed. Morin v. Secretary of Health and Human Servs., 835 F. Supp. 1431, 1434 (D.N.H. 1993) (quotations omitted).

LeClerc applied for social security benefits in October 1992 claiming an inability to work since October 24, 1988, because of a back injury. When his application was denied initially and on reconsideration, he requested a hearing and notified the Secretary that he had also contracted Hepatitis B. Prior to the hearing, the Secretary obtained medical records that included only three Hepatitis-related references: 1) a December 1990 hospital emergency room note that LeClerc had come in to be tested for Hepatitis-B after his girl friend received a positive test result; 2) positive Hepatitis-B test results for blood work done in December 1990 and January 1991; 3) a doctor's examination note from the same period that LeClerc "has been tired on and off for quite some time" and is "definitely infectious."

LeClerc appeared pro se at a hearing before an Administrative Law Judge ("ALJ") on July 29, 1993. His testimony

2

described his limitations due to his back injury and pain caused by a ruptured disc. When asked if there were anything else wrong, he responded that he had a lot of stress and had Hepatitis B, which made him "very tired all the time." He said that he was not taking medication for Hepatitis B but that he had been told to eat a lot of sweets. He explained that he napped during the day because he was tired but that the naps made it hard to sleep at night.

The ALJ did not mention LeClerc's Hepatitis B infection or include a restriction for fatigue in her hypothetical posed to the vocational expert. She concluded that LeClerc was severely impaired by his back condition and was unable to return to his past relevant work, but that his subjective complaints of back pain were not entirely credible. She determined that he could perform jobs that existed in the national economy, and as a result, he was not disabled. LeClerc, then represented by an attorney, requested review that was denied by the Appeals Council.

On appeal to this court, LeClerc argued for a remand on the grounds that his waiver of representation at the hearing was ineffective and that he was prejudiced by a lack of representation by counsel. He argued that the ALJ should have

3

obtained more recent medical records concerning his Hepatitis-B infection. The Secretary moved to affirm the decision denying benefits. Because LeClerc did not show what additional evidence the ALJ could have obtained, I granted him an opportunity to produce new medical evidence to meet the standard necessary for a remand under 42 U.S.C.A. § 405(g). When some new medical records were offered, I concluded that the more recent medical records concerning LeClerc's Hepatitis-B infection met the newness and materiality requirements and were not previously submitted for good cause given LeClerc's pro se status. Most of the records post-dated the ALJ hearing. Thus, LeClerc's claim was remanded, without a decision on the merits of the Secretary's decision, pursuant to "sentence six" of 42 U.S.C.A. § 405(g).[2]

On remand, the ALJ considered additional new medical records pertaining to LeClerc's Hepatitis-B infection which reflected examinations and treatment he underwent after the Secretary's decision denying benefits. Based on the new evidence, the ALJ found that LeClerc suffered from chronic Hepatitis-B infection

---

[2] The Appeals Council mistakenly characterized the remand in this case as a "sentence four" remand. As the case was remanded for consideration of new and material evidence without a decision on the merits of the Secretary's decision, it was a "sentence six" remand.

with chronic liver infection causing abdominal pain in addition to his back condition which caused chronic back pain. As a result, the ALJ fully credited LeClerc's descriptions of his pain and further limited LeClerc's residual functional capacity for sedentary work with a nonexertional requirement to allow him to stop working during unpredictable attacks of liver pain for up to one-half hour. Due to his nonexertional limitation caused by his Hepatitis-B infection, the vocational expert testified that LeClerc could not be expected to adjust to work as it exists in the national economy, and the ALJ concluded that LeClerc was disabled from all work.

To meet the exception provided in the EAJA, the Secretary must show that her position was "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). The mere fact that the Secretary later reversed her first decision does not mean that either the first decision or the government's motion to affirm the decision was unjustified. Morin, 835 F. Supp. at 1434. In this case, as is common in "sentence six" remands, LeClerc was given an opportunity to present new medical evidence of his impairment that was largely unavailable when the Secretary's first determination was made. See Shalala v. Schaefer, 509 U.S. 292, 310 (1993) (Stevens, J.,

5

concurring); see also Parsons v. Sullivan, 140 F.R.D. 352, 359 (S.D. Ohio 1992).  The Secretary's initial decision to deny benefits was reasonable based on the limited information presented concerning LeClerc's Hepatitis-B infection.[3]  The ALJ's subsequent conclusion that LeClerc was disabled, which resulted in the final decision to award benefits, was based on new evidence and was not a correction of a previous factual mistake or of an error of law.

Under these circumstances, the Secretary's position through both the administrative and litigation levels of this case was substantially justified within the meaning of the exception to the EAJA.  As a result, LeClerc is not entitled to fees as provided in the EAJA.

---

[3]  Although I later determined that LeClerc should be given an opportunity to supply medical records to fill a "gap" in the record, see Order at *4, September 14, 1994, citing Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991), my conclusion was based on additional records LeClerc submitted here.  In his motion for fees, LeClerc mentions that the government had "favorable medical evidence" in their file that was submitted to the Appeals Council.  Because LeClerc has not identified the "favorable evidence" and it is not apparent in the record, I cannot evaluate the reasonableness of the government's position based merely on his allegation.

## CONCLUSION

For the foregoing reasons, LeClerc's motion for fees under the EAJA (document 26) is denied.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

July 31, 1996

cc:  Raymond J.  Kelly, Esq.
     David Broderick, Esq.