# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 00-3343

———————

Mona Kay Smith,

        Appellant,

v.

William A. Halter, Commissioner,
Social Security Administration,[1]

        Appellee.

\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Eastern District of Arkansas
\*
\*
\*   [TO BE PUBLISHED]
\*
\*

———————

Submitted: April 12, 2001

Filed: April 17, 2001

———————

Before BYE and BEAM, Circuit Judges, and NANGLE,[2] District Judge.

———————

BYE, Circuit Judge.

The Commissioner of the Social Security Administration denied Mona Smith's application for disability insurance benefits. Smith sought review of the Commissioner's decision in federal court, contending that it was not supported by

———————

[1]William A. Halter has been appointed to serve as Commissioner of Social Security and is substituted as appellee pursuant to Fed. R. App. P. 43(c).

[2]The Honorable John F. Nangle, Senior United States District Judge for the Eastern District of Missouri, sitting by designation.

substantial evidence.  After conducting a careful review of the administrative record, the district court[3] held that the Commissioner had erred by failing to employ a vocational expert to determine whether Smith could perform jobs in the national economy despite her nonexertional impairment.  The district court ordered a "sentence four" remand of Smith's application for benefits, see 42 U.S.C. § 405(g), and entered judgment on April 14, 1998.

According to Smith, the Commissioner took no immediate steps to schedule the remand proceedings ordered by the district court.  After seven months of inaction, Smith moved the district court on November 18, 1998, to order the Commissioner to proceed.  The court concluded that it lacked jurisdiction to entertain such a motion after the entry of judgment.  When the Commissioner still had not arranged for a vocational expert to review Smith's abilities more than twenty months after the court entered judgment, Smith filed a motion in the district court on January 26, 2000, to enforce the April 1998 judgment.  The court again denied relief citing its lack of jurisdiction.

Smith instituted this appeal challenging the district court's assertion that it lacked jurisdiction to compel the Commissioner to act.  Smith theorizes that the district court has "ancillary" jurisdiction to order certain proceedings necessary to effectuate its judgments.  She contends that the court should have asserted such jurisdiction to accelerate the Commissioner's action.

I

Smith filed a notice of appeal within sixty days of the court's denial of her January 2000 motion.  Her appeal was timely, see Fed. R. App. P. 4(a)(1)(B), but the

---

[3]The Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

Commissioner argues that the court's order was not final, see 28 U.S.C. § 1291, and that we therefore lack appellate jurisdiction to review the district court's order. We disagree. As one prominent commentator has noted, "[o]rders relating to the enforcement, execution, or interpretation of a final judgment ordinarily should be final upon complete disposition of all related issues." 15B Charles Alan Wright et al., Federal Practice and Procedure § 3916 (2d ed. 1992); see also In re Farmers' Loan & Trust Co., 129 U.S. 206, 213-14 (1889) (explaining that most trial court decisions resolving important, but ancillary, matters that arise after the entry of judgment are final decisions permitting appellate review); cf. United States v. Knote, 29 F.3d 1297, 1299 (8th Cir. 1994) (holding that a district court's decision requiring the EPA to comply with an already-entered consent decree was final and permitted appellate review).

When the district court ruled that it lacked jurisdiction to consider Smith's motion to compel the Commissioner to act, nothing was left to be done with respect to that claim. To declare the court's decision non-final would effectively deprive Smith and other similarly-situated litigants of the benefit of appellate review. See Wright et al., § 3916 (discounting the remote prospect that further proceedings could engender any greater finality). Because Smith timely appealed a final decision of the district court, we may exercise our jurisdiction to review that decision.

II

We disagree with Smith's contention that the district court erroneously withheld the exercise of its jurisdiction. A district court may not retain jurisdiction over a case remanded to the Commissioner pursuant to sentence four of § 405(g). Shalala v. Schaefer, 509 U.S. 292, 299-300 & n.3 (1993). Once the district court remanded Smith's disability benefits application for further proceedings, the court divested itself of jurisdiction except to the extent necessary to resolve an application for attorneys fees. See id. at 302-303. We therefore hold that the district court properly denied Smith's motions for relief on the ground that it lacked jurisdiction.

-3-

Smith's appellate briefs suggest that the district court had jurisdiction to enter a writ of mandamus compelling the Commissioner to act promptly. Smith apparently neglected to raise this point with the district court; in any event, it is quite certain that Smith never filed a formal petition requesting a writ of mandamus. We therefore decline to address the propriety of mandamus relief in these circumstances. Our ruling does not prejudice Smith from seeking a writ of mandamus in a subsequent action.

We are disturbed by the glacial pace at which the Commissioner has attempted to comply with the district court's judgment. In the context of a sentence four remand, however, Smith's remedy for delay—if indeed there is any remedy—does not lie within the confines of the § 405(g) action closed by the district court's final judgment.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-