Orben v. SSA                    CV-01-186-M    05/23/02
                UNITED STATES DISTRICT COURT

                  DISTRICT OF NEW HAMPSHIRE


Kimberly Orben, on behalf of
her minor son, Chad Jasperson,
      Claimant

      v.                              Civil No. 01-186-M
                                      Opinion No. 2002 DNH 102
Jo Anne B. Barnhart, Commissioner,
Social Security Administration,
      Defendant


                         **O R D E R**


      On January 15, 2002, the court denied Kimberly Orben's

motion to reverse the Commissioner's denial of her application

(filed on behalf of her minor son) for children's Supplemental

Security Insurance disability benefits under the Social Security

Act.  Nevertheless, because it concluded that the Appeals Council

committed an "egregious error" by refusing to review the ALJ's

disability determination, the court remanded the matter for

further proceedings.  See 42 U.S.C. § 405(g).

On April 15, 2002, claimant filed a timely motion for fees and other expenses.[1] She claims that because she was the prevailing party and because the Commissioner's position was not substantially justified, she is entitled to an award of reasonable attorney's fees. See 28 U.S.C. § 2412 (the Equal Access to Justice Act, or "EAJA"). The Commissioner objects, saying that her position (seeking affirmance of the ALJ's decision denying the application for benefits) was substantially justified. And, even if the court concludes that her position was not substantially justified, the Commissioner asserts that claimant's request for attorney's fees is excessive.

## Standard of Review

The Equal Access to Justice Act, under which claimant seeks an award of attorney's fees, provides:

---

[1] "A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses . . .." 28 U.S.C. § 2412(d)(1)(B). The Supreme Court has interpreted this statutory provision to mean that an "EAJA application may be filed until 30 days after a judgment becomes 'not appealable' – i.e., 30 days after the time for appeal has ended." Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Because the judgment in this case became "not appealable" 60 days after its entry, see Fed. R. App. P. 4(a), claimant had 90 days from the entry of judgment within which to file her EAJA petition.

2

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, <u>unless the court finds that the position of the United States was substantially justified</u> or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis supplied). The language of that statute makes clear that it is unlike typical fee-shifting statutes, which generally authorize an award of costs and/or reasonable attorney's fees to a "prevailing party." Instead, to recover fees under the EAJA, a party must not only prevail, but the court must also conclude that the government's position was not substantially justified. See <u>McDonald v. Secretary of Health and Human Services</u>, 884 F.2d 1468, 1469-70 (1st Cir. 1989) ("Under the EAJA, . . . the government must foot the legal bills of its adversaries . . . <u>only if</u> the adversaries 'prevail' and if the government's position is not 'substantially justified.'") (emphasis supplied).

In opposing a party's request for fees under the EAJA, the government bears the burden of demonstrating that its position

3

was substantially justified.  See McDonald, 884 F.2d at 1475. The Supreme Court has explained that the government carries that burden by demonstrating that its position had "a reasonable basis in law and fact" and was justified "to a degree that could satisfy a reasonable person."  Pierce v. Underwood, 487 U.S. 552, 565 and 566 n.2 (1988).

## Background

In her motion to reverse the decision of the Commissioner, claimant asserted that the ALJ's disability determination was not supported by substantial evidence in the record.  Specifically, she advanced three arguments: first, that the ALJ erred by failing to adequately explain the basis for his decision with sufficient particularity and by giving a distorted presentation of the record evidence; second, that the ALJ erred when he concluded that the minor child's impairments did not meet or medically equal certain listed impairments; and third, that the ALJ erred by not seeking expert medical testimony as to the nature and severity of the minor child's impairments.  See generally Claimant's memorandum in support of her motion to

4

reverse (document no. 7). The Commissioner defended the ALJ's disability determination on each of those challenged grounds.

The court specifically rejected claimant's arguments and held that it could <u>not</u> "conclude that the ALJ's decision lacks substantial support in the record <u>as presented</u> to him." <u>Orben v. Commissioner of Social Security</u>, No. 01-186-M, 2002 DNH 005, at 20 (D.N.H. Jan. 15, 2002) (emphasis in original). Nevertheless, the court, <u>sua sponte</u>, considered whether, in light of substantial and compelling supplemental evidence added to the record after the ALJ rendered his opinion, the decision of the Appeals Council not to "review" the ALJ's disability determination constituted an "egregious error."[2]

---

[2] Specifically, the court observed that, "This case presents an issue that has been discussed by nearly all of the courts of appeals, and one recently addressed by the First Circuit: how new and relevant evidence proffered by the claimant <u>after</u> the ALJ issues his or her opinion denying benefits, but <u>prior</u> to the Appeals Council's refusal to "review" that decision, should be considered (if at all) upon judicial review. Neither party has identified or addressed that critical issue. But, because the question is one of law, and given the importance of resolving this proceeding in as timely a manner as is reasonably possible, the court concludes that additional briefing by the parties will not be required." <u>Id.</u>, at 7-8 (emphasis in original).

After carefully reviewing the record, including the supplemental evidence provided to the Appeals Council, the court held that the Appeals Council's denial of claimant's request for review was "sufficiently egregious to warrant remand." Id., at 22. Consequently, while claimant "prevailed" insofar as the Court vacated the Commissioner's disability determination and remanded the matter for further consideration, it was not because the court adopted (or even found meritorious) any of the arguments advanced in her motion. To the contrary, as to each instance in which claimant alleged that the ALJ's decision was not supported by substantial evidence, the court disagreed.

## Discussion

In support of her motion for attorney's fees, claimant simply asserts that, "the Commissioner's position was not substantially justified since the Commissioner did not consider all relevant factual issues nor did she adequately consider the medical opinions of the Plaintiff's 'treating physicians' and improperly applied the childhood regulations to deny the Plaintiff's appeal." Claimant's motion for Attorney's Fees (document no. 15) at 2. After invoking the applicable statutory

6

standard, claimant does little beyond reiterating arguments presented in her initial memorandum challenging the ALJ's adverse disability determination. In other words, it seems that she is attacking the litigation position adopted by the Commissioner in this court - that the ALJ's decision was supported by substantial evidence - rather than the underlying agency action itself (i.e., the Appeals Council's refusal to grant review). As noted above, however, the court agreed with the Commissioner's litigation position, holding that the ALJ's decision was supported by substantial evidence in the record (as presented to him).

If that were the end of the inquiry, claimant would not be entitled to attorney's fees, since the Commissioner's litigation position (i.e., the arguments advanced in response to claimant's motion to reverse) was "substantially justified." However, at issue here is the statutory definition of the phrase "position of the government." The EAJA specifically defines that phrase to include not only the position taken by the United States in the civil action (here, claimant's appeal to this court), but also, "the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). See also McDonald,

7

884 F.2d at 1476 ("In the present case we can concede that many of the government's litigating positions were reasonable and, hence, 'substantially justified.' The central question facing us, however, is whether the underlying agency action was reasonable.") (emphasis in original).

Applying that standard, the court is compelled to conclude that, because the Appeals Council's decision was "sufficiently egregious to warrant remand," the agency's underlying action was not substantially justified. At least arguably, then, claimant is entitled to an award of reasonable "fees and other expenses." 28 U.S.C. § 2412(d)(1)(A).

The next question is what, if any, award is "reasonable." See, e.g., Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (observing that the status of "prevailing party" is a "generous formulation that brings the plaintiff only across the statutory threshold. It remains for the district court to determine what fee is 'reasonable.'"); Commissioner, I.N.S. v. Jean, 496 U.S. 154, 161 (1990) ("[O]nce a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's

task of determining what fee is reasonable is essentially the same as that described in Hensley.").

A. Claimant's Assertion that the ALJ's Disability Determination was not Supported by Substantial Evidence.

In Hensley, the Court observed that, "work on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved." Id., at 435 (citation and internal quotation marks omitted). The Court also noted that simply because "the plaintiff is a 'prevailing party' . . . [that status] may say little about whether the expenditure of counsel's time was reasonable in relation to the success achieved." Id. (emphasis supplied). Here, prior to the court's order of January 15, 2002, claimant's legal arguments focused exclusively on her assertion that the ALJ's disability determination was not supported by substantial evidence. As to that claim, she did not "prevail," insofar as the court specifically rejected that argument and concluded that the ALJ's decision was supported by substantial evidence in the record that was before him at the time of his decision. Moreover, the Commissioner's position in opposition to claimant's attack on the ALJ's decision was substantially justified; in fact, the court adopted it.

9

Counsel's work on the arguments advanced in support of claimant's assertion that the ALJ's disability determination was not supported by substantial evidence must, therefore, be viewed as "work on an unsuccessful claim" and cannot properly be deemed to have been "expended in pursuit of the ultimate result achieved." Hensley, 461 U.S. at 435. None of the arguments advanced in claimant's motion to reverse the Commissioner's adverse disability determination led, either directly or indirectly, to the court's decision to remand the matter for further proceedings. Consequently, claimant is not entitled to recover attorney's fees for efforts related to contesting the ALJ's disability determination.

B.   Claimant's Opposition to the Commissioner's Motion to Amend the Court's Judgment.

In the wake of the court's January order, the parties changed the focus of their attention from the ALJ's disability determination to the Appeals Council's refusal to grant review. At that point, the Commissioner moved the court to amend its judgment. Claimant seeks approximately $1,200 in attorney's fees generated in opposing that motion.

10

In support of her motion to amend, the Commissioner asserted that, under the governing law of this circuit, as articulated in Mills v. Apfel, 244 F.3d 1 (1st Cir. 2001), cert. denied, 122 S.Ct. 822 (2002), the court erred in concluding that the Appeals Council was egregiously mistaken when it denied claimant's application for review. In fact, said the Commissioner, the Appeals Council's decision was not subject to any form of judicial review.

> In Mills, the First Circuit indicated that the Court maintains a review role where the Appeals Council's denial of review "rests on an articulated but severely mistaken view." Id. The Appeals Council did not state a specific reason for [its] denial of review in this case other than to state that "there is no basis . . . for granting your request for review" and that neither the contentions raised in requesting review nor the additional evidence that was submitted "provides a basis for changing the Administrative Judge's decision."

Commissioner's Memorandum in Support of Motion to Amend Judgment (document no. 13) at 4.

In resolving the legal issue presented in Mills - how or even whether to consider evidence that was presented to the Appeals Council, but not to the ALJ - the court acknowledged that

11

nine circuit courts of appeals have addressed and resolved the question. Mills, 244 F.3d at 4. Four circuits have concluded that when the Appeals Council denies review, the sole question presented in the district court is whether the ALJ's decision (presumably as the Commissioner's decision) was supported by substantial evidence in the record before the ALJ. Five circuits, on the other hand, have adopted an approach that appears most consistent with governing statutory and regulatory provisions, concluding that a reviewing court must determine whether the Commissioner's final decision (as written by the ALJ) is supported by substantial evidence in the record as a whole, including the supplemental evidence presented to the Appeals Council but not previously made available to the ALJ.

Concluding that "neither legal position, if treated as absolute, is entirely satisfactory," the Mills court fashioned a novel rule to govern district courts in this circuit: the ALJ's decision is reviewed based "solely on the evidence presented to the ALJ," but "an Appeals Council refusal to review the ALJ may be reviewable where it gives an egregiously mistaken ground for this action." Id., at 5. That rule may well discourage the

12

Appeals Council from ever giving any meaningful justification for declining review in First Circuit matters, and it leaves district courts to wrestle with the following question: When the Appeals Council does give some written explanation for declining review, what constitutes a sufficient statement of the "ground" for its action to trigger judicial review?

In this case, the court concluded that what appears to have been essentially a modified form letter sent by the Appeals Council to claimant constituted a sufficient statement of the basis for its decision to permit judicial review (there being no obvious reason to treat a "form letter" as anything other than a letter communicating the reasons for the Appeals Council's action). Specifically, this court held that the Appeals Council's statement that "there is no basis . . . for granting your request for review" was an egregious error, writing:

> Here, the Appeals Council concluded that, even considering the newly submitted evidence, the ALJ's disability determination was not "contrary to the weight of the evidence currently of record." Transcript at 6. It was. That error was sufficiently egregious to warrant remand.

<u>Orben v. Commissioner of Social Security</u>, 2002 DNH 005, at 21, 22.

In her motion to amend the judgment, the Commissioner took issue with the court's conclusion that the form letter constituted a statement of reasons underlying the Council's decision sufficient to trigger judicial review. After all, there is no authoritative guidance as to just what that might be. While the court disagreed with the Commissioner's position, the legal point she advanced is certainly one that is open to debate. The <u>Mills</u> opinion does not resolve it, and reasonable minds can certainly disagree as to precisely what the <u>Mills</u> court intended. Consequently, the position advanced by the Commissioner in moving the court to amend its judgment must, necessarily, be viewed as one that was substantially justified by existing precedent in this circuit.

Nevertheless, here, as in <u>McDonald</u>, the central issue facing the court is not whether the government's <u>litigation</u> <u>position</u> was substantially justified, but rather "whether the underlying <u>agency</u> <u>action</u> was reasonable." <u>Id.</u>, at 1476 (emphasis in

14

original).  As noted above, the Appeals Council's refusal to review the ALJ's decision was not substantially justified. Accordingly, claimant is entitled to reasonable attorney's fees that were generated in response to the Commissioner's motion to amend the court's judgment.

## Conclusion

While claimant is properly viewed as a "prevailing party" in this proceeding, that status alone is insufficient to justify an award of attorney's fees.  First, the government's position must not have been "substantially justified."  28 U.S.C. § 2412(d)(1)(A).  Additionally, of course, any award of fees must be reasonable.  See generally Hensley, 461 U.S. at 434-37; Jean, 496 U.S. at 160-61.  For the reasons set forth above, it is neither warranted nor would it be reasonable to award claimant fees for legal services performed in relation to arguments that were specifically rejected by the court.  Consequently, claimant is not entitled to fees for legal work aimed at demonstrating that the ALJ's disability determination was not supported by substantial evidence in the record before him.  As the court

15

concluded in its prior order, the ALJ's decision <u>was</u> supported by substantial evidence in the record as presented to him.

As to the Commissioner's arguments in favor of her motion to amend the court's judgment, her litigation position was, in light of circuit precedent, substantially justified.  Nevertheless, the underlying agency action she sought to defend was not.  Accordingly, claimant is entitled to an award of reasonable attorney's fees for work that was performed opposing the Commissioner's position on that issue.

For the foregoing reasons, claimant's motion for attorney's fees (document no. 15) is granted in part and denied in part.  It is granted to the extent that claimant is awarded $1,251.25, representing 10.01 hours of compensable time calculated at the statutory rate of $125 per hour.  <u>See</u> 28 U.S.C. § 2412(d)(2)(A). In all other respects, claimant's motion is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

May 23, 2002

cc:  Raymond J. Kelly, Esq.
     David L. Broderick, Esq.

17