David T. NUNLEY, Plaintiff,

v.

Jo Anne B. BARNHART,
Commissioner of Social
Security, Defendant.

No. CIV.A. 7:02–CV–00887.

United States District Court,
W.D. Virginia.
Roanoke Division.

Dec. 4, 2003.

Charles Dodson Bennett, Jr., Charles D. Bennett, Jr., Roanoke, VA, for David T. Nunley, plaintiff.

Julie C. Dudley, United States Attorneys Office, Roanoke, VA, for Jo–Anne B. Barnhart, Commissioner, Social Security Administration, defendant.

## FINAL REMAND ORDER

CONRAD, District Judge.

For reasons set forth in a Memorandum Opinion filed this day, it is now

### ADJUDGED AND ORDERED

as follows:

1. The Commissioner's motion for summary judgment shall be and hereby is **DENIED**.

2. This case shall be and hereby is **REMANDED** to the Commissioner for further consideration and development as specified in the Memorandum Opinion filed herewith this day.

3. Upon remand, should the Commissioner be unable to decide this case in plaintiff's favor on the basis of the existing record, the Commissioner shall conduct a supplemental administrative hearing at which both sides will be allowed to present additional evidence and argument.

The parties are advised that the court considers this remand order to be a "sentence four" remand. *See Shalala v. Schaefer,* 509 U.S. 292, 297, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993); *Melkonyan v. Sullivan,* 501 U.S. 89, 98, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). Thus, this order of remand is a final order. *Id.* If the Commissioner should again find against plaintiff, and should plaintiff again choose to seek judicial review, it will be necessary for plaintiff to initiate a new civil action within 60 days from the date of the Commissioner's final decision on remand. *See* 42 U.S.C. § 405(g).

The Clerk is directed to send certified copies of this Final Remand Order to all counsel of record.

## MEMORANDUM OPINION

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security ("the Commissioner") denying plaintiff's claim for disability insurance benefits and supplemental security income ("SSI") benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 *et seq.,* respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).[1] The issue now before the court is whether the Commissioner's final decision is supported by substantial evidence or whether there is "good cause" which necessitates remanding the case for further consideration. *See* 42 U.S.C. § 405(g).

Plaintiff was born on July 21, 1966, and attended school through the eighth grade.

His past work experience includes employment as a crane operator, a roofer, a truck driver, and a laborer. Plaintiff filed his application for disability insurance benefits and SSI benefits on October 28, 1996, alleging that he became disabled for all forms of employment on November 23, 1994 due primarily to diabetes mellitus.

Plaintiff's claim was denied upon initial consideration and reconsideration. Plaintiff then requested and received a *de novo* hearing and review before an Administrative Law Judge. Plaintiff received an unfavorable decision from the Law Judge in June 1998, which was remanded by the Appeals Council in April 1999. Following remand, the Law Judge conducted another hearing on March 1, 2000, and issued an opinion dated September 29, 2000, denying plaintiff's claim for benefits. On July 11, 2002, the Appeals Council adopted the Law Judge's opinion as the final decision of the Commissioner. Having exhausted all available remedies, plaintiff has appealed to this court. For purposes of the claim for disability benefits, the record reflects that plaintiff met the insured status requirements of the Act through September 2000. *See generally,* 42 U.S.C. §§ 414 and 423.

In this case, the Law Judge determined that plaintiff's diabetes mellitus is an impairment that meets or medically equals section 9.08B of the impairments listed in Appendix 1, Subpart P of the Social Security regulations.[2] The Law Judge then found that plaintiff would be able to work if he complied with prescribed medical

1. The case was originally transferred to the undersigned while serving as United States Magistrate Judge, pursuant to consent of the parties under 28 U.S.C. § 636(c)(2). The undersigned has since been invested as United States District Judge but will maintain this case assignment.

2. If a claimant suffers from an impairment, or combination of impairments, which meets or equals an impairment listed under Appendix 1 of Subpart P of the Administration's Regulations Part 404, the claimant is found to be disabled for purposes of the Act without consideration of factors such as age, education, or prior work experience. *See* 20 C.F.R. §§ 404.1520(d) and 416.920(d).

treatment for his diabetes, specifically eating a proper diet, using insulin, and monitoring his blood sugar levels. The Law Judge determined that plaintiff was not monitoring his blood sugar levels and that this failure was not justified by acceptable reasons. As a result of plaintiff's noncompliance with prescribed medical treatment, the Law Judge concluded that plaintiff was not entitled to benefits under the Act. *See* 20 C.F.R. §§ 404.1530 and 416.930.

■ Before a claimant can be denied benefits based on his noncompliance with prescribed medical treatment, he must be given a full opportunity to express the specific reasons for his decision not to follow the prescribed treatment. *See* Social Security Ruling 82–59. The ruling states that "[d]etailed questioning may be needed to identify and clarify the essential factors of refusal" and that the "record must reflect as clearly and accurately as possible the claimant's ... reason(s) for failing to follow the prescribed treatment." *Id.* The ruling describes questioning of claimants regarding "whether they understand the nature of the treatment and the probable course of the medical condition (prognosis) with and without the treatment prescribed" and provides that the "individuals should be encouraged to express in their own words why the recommended treatment has not been followed." *Id.*

■ In this case, this detailed questioning of plaintiff did not occur. Indeed, the record reflects a possible misunderstanding by the plaintiff regarding what would be required of him in order to receive free or low cost blood sugar monitoring strips

from the Department of Rehabilitative Services ("DRS").[3] Plaintiff's attorney stated in a letter dated June 29, 2000 that plaintiff cannot obtain the strips from DRS unless he tells them that "he can work" and that plaintiff "doesn't want to lie." (TR 223.) A letter from DRS, however, describes the only requirement for obtaining free or low cost strips as plaintiff having "a vocational goal to return to work." (TR 221.) DRS appears to require only that plaintiff agree to have a goal of eventually returning to work should full compliance with the prescribed medical treatment alleviate the limitations which currently prevent him for working. Plaintiff's agreement to have such a goal in no way constitutes an admission or other representation by him that he is currently able to work. Detailed questioning of the plaintiff is necessary to ensure that he understands the DRS requirement and, with a full understanding, still refuses to express a "vocational goal to return to work" in order to receive the blood sugar monitoring strips.

Social Security Ruling 82–59 also requires that the claimant be "made aware that the information supplied will be used in deciding the disability claim and that, because of the requirements of the law, continued failure to follow prescribed treatment without good reason can result in denial or termination of benefits." The ruling emphasizes that "before a determination is made, the individual ... will be informed of" the effect his noncompliance may have on his eligibility for benefits. *See* Social Security Ruling 82–59. The

---

3. Plaintiff claims that he is financially unable to afford the blood monitoring strips, which would cost approximately $84.00 per month. (TR 219.) Social Security Ruling 82–59 lists such financial inability as a justification for failure to follow a prescribed medical treatment. Specifically, the ruling states that noncompliance may be justified if the claimant

"is unable to afford prescribed treatment which he or she is willing to accept, but for which free community resources are unavailable.... All possible resources (e.g., clinics, charitable and public assistance agencies, etc.), must be explored." *See* Social Security Ruling 82–59.

ruling requires that the claimant be "afforded an opportunity to undergo the prescribed treatment or to show justifiable cause for failing to do so" noting that it "is very important that the individual fully understand the effects of failure to follow prescribed treatment." In this case, the Law Judge did not explain clearly and fully to plaintiff that his failure to monitor his blood sugar levels could result in a denial of his claim for benefits. Instead, the Law Judge relied on the fact that his prior unfavorable decision was based on noncompliance and on the fact that plaintiff was represented by counsel who probably explained these matters to him. This limited notice, however, does not satisfy the requirements of Social Security Ruling 82–59. The notice must be given clearly and explicitly, and the Law Judge must ensure that the plaintiff understands the consequences of his decision not to follow the prescribed medical treatment.

The Law Judge failed to ensure that plaintiff understood the requirements for obtaining blood sugar monitoring strips at low cost from DRS and failed to advise plaintiff clearly and fully that his failure to obtain the strips and conduct proper blood sugar monitoring could result in the denial of his claim for benefits. The Law Judge also failed to give plaintiff an opportunity to decide—with a full understanding of the requirements and the consequences—whether he would accept a vocational goal to return to work and obtain the strips from DRS. As a result, it was error under Social Security Ruling 82–59 for the Law Judge to deny plaintiff's claim for benefits based on plaintiff's noncompliance with prescribed medical treatment. The case must be remanded for reconsideration in accordance with this opinion. An appropriate final order of remand will be issued separately.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.