**Robert F. EASTERWOOD, III, Plaintiff,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.**

**No. CIV.A.03–2342–CM.**

United States District Court, D. Kansas.

Sept. 13, 2004.

James H. Green, Kansas City, MO, for Plaintiff.

## MEMORANDUM AND ORDER

MURGUIA, District Judge.

This matter comes before the court on defendant's Motion to Remand (Doc. 8). Defendant has requested that the court remand this case pursuant to sentence six of 42 U.S.C. § 405(g) to allow the Administrative Law Judge (ALJ) to articulate specific, legitimate reasons for rejecting the opinion of plaintiff's treating physician, Dr. Premsingh, and to obtain supplemental vocational evidence regarding the number of jobs existing in the regional economy and national economy which plaintiff can perform. Plaintiff opposes remand and requests that the court order defendant to file her answer to plaintiff's complaint, along with the administrative record, and order both parties to file their briefs so that the court can evaluate the evidence to determine whether plaintiff should have been found disabled and awarded benefits.

## I. Procedural Background

On August 20, 1996, plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act (SSA), alleging a disability onset date of August 21, 1995. By notice dated November 20, 1996, the Social Security Administration denied plaintiff's claim for Title II benefits. Plaintiff filed a request for reconsideration on November 25, 1996. Plaintiff's claim was denied on reconsideration by notice dated December 11, 1996. On January 10, 1997, plaintiff filed a request for a hearing before an ALJ.

On June 19, 1997, a hearing was held before ALJ Keith W. Sickendick. On August 28, 1997, ALJ Sickendick indicated that, based on the application filed on August 20, 1996, plaintiff was not entitled to a period of disability or disability insurance benefits under Section 216(i) and 223, of the SSA. Plaintiff requested that the Appeals Council of the Social Security Administration review the decision of the ALJ. On September 3, 1997, the Appeals Council denied a review of the ALJ's decision, thus making final ALJ Sickendick's decision to deny benefits.

On October 2, 1998, plaintiff appealed the denial of benefits to this court, Case No. 98–CV–02449–CM. On March 16, 2001, Magistrate Judge David J. Waxse issued a Report and Recommendation to this court, recommending that plaintiff's case be remanded to the Commissioner for further evaluation of the evidence, including Dr. Premsingh's report. On March 29, 2001, this court adopted Magistrate Waxse's recommendation and remanded the case.

In the interim, plaintiff filed a second application for benefits which also was heard by ALJ Sickendick. On May 24, 2000, ALJ Sickendick, using Dr. Premsingh's report, granted plaintiff's claim for benefits, finding him disabled since August 30, 1997, but not prior thereto.

Upon receipt of this court's March 29, 2001 Order, the Appeals Council remanded plaintiff's claim to ALJ Jack R. Reed to further evaluate Dr. Premsingh's report. On March 29, 2002, ALJ Reed issued an unfavorable decision. Plaintiff appealed ALJ Reed's decision to the Appeals Council, which again remanded plaintiff's case back to ALJ Reed for further evaluation of Dr. Premsingh's report. Plaintiff requested that ALJ Reed recuse himself from a rehearing of this matter, and ALJ Reed granted that request. The matter was then transferred to ALJ William E. Zleit. On October 30, 2002, ALJ Zleit held a hearing on plaintiff's claim to hear evidence and further evaluate Dr. Premsingh's report. Following that hearing, ALJ Zleit issued another unfavorable decision on plaintiff's claim. Plaintiff again

appealed the ALJs decision to the Appeals Council. On June 25, 2003, ALJ Peter Greenlee of the Appeals Council denied review of ALJ Zleit's unfavorable decision.

Plaintiff filed this current action following receipt of the Appeals Council's Order. The period of disability that is still at issue is from August 21, 1995 thru August 30, 1997. Instead of filing an answer to plaintiff's current complaint, defendant has requested that the matter be reversed and remanded. Defendant contends that remand is necessary to evaluate the weight to which Dr. Premsingh's opinion is entitled, in light of the evidence on the record as a whole, and to make a final decision regarding plaintiff's benefits. Plaintiff contends that defendant has already evaluated the opinion of Dr. Premsingh on two prior occasions and that the matter should now be considered by the court; however, plaintiff does not dispute that remand is possible pursuant to sentence six of 42 U.S.C. § 405(g).

## II. Standard for Remand

■ Under 42 U.S.C. § 405(g), a social security claimant may challenge a denial of social security disability benefits in federal court. The Supreme Court has held that, pursuant to sentences four and six of § 405(g), there are only two types of remand available to the district court. *Shalala v. Schaefer*, 509 U.S. 292, 296–97, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). A sentence four remand may be ordered following a determination by the court that the decision of the Commissioner should be affirmed, modified, or reversed on the merits. It is an immediate entry of judgment, with or without remand, and does not allow for retention of district court jurisdiction. *Id.* at 297, 113 S.Ct. 2625. A remand under sentence six may be ordered 1) following a request by the Commissioner, for good cause shown, prior to answering a claimant's complaint; or 2) for the purpose of consideration of new mate-

rial evidence, which, for good cause, was not presented before the agency. *Id.* at 297 n. 2, 113 S.Ct. 2625; 42 U.S.C. § 405(g). A sentence six remand is not entered as a final judgment until after the remand proceedings are complete and the results have been filed with the district court. *Id.* at 297, 113 S.Ct. 2625.

## III. Discussion

■ In this case, the court believes a sentence six remand is appropriate. Defendant has made a motion, before filing an answer to plaintiff's complaint, and shown good cause for remand to determine the appropriate weight which Dr. Premsingh's opinion should be accorded in light of the entire record. Dr. Premsingh's opinion is crucial to the determination of plaintiff's qualification for benefits. The court believes that defendant is in a unique position to consider Dr. Premsingh's opinion in light of the history of plaintiff's application for benefits for the period still in question, August 21, 1995 thru August 30, 1997. Moreover, the court believes that remand is also warranted in light of defendant's prior finding, based on Dr. Premsingh's report, that plaintiff is entitled to benefits from August 30, 1997, forward. The court finds that the case should be reversed and remanded to defendant for further proceedings to allow the ALJ to reevaluate Dr. Premsingh's opinion and the evidence related to the period August 21, 1995 thru August 30, 1997, and, if necessary, to obtain supplemental vocational expert testimony.

The court recognizes the delay which has accompanied the determination of plaintiff's application for benefits. While the delay does not provide a sufficient reason to direct an award of benefits for the period in question, the court urges prompt disposition of plaintiff's case.

**IT IS THEREFORE ORDERED** that defendant's Motion for Remand (Doc. 8) is granted. This matter is hereby reversed and remanded, pursuant to sentence six of 42 U.S.C. § 405(g) for further proceedings in accordance with this opinion.

**IT IS FURTHER ORDERED** that, once defendant has conducted further proceedings in accordance with this opinion and determined whether to modify or affirm her findings of fact or her decision with regard to plaintiff's application for benefits, defendant shall file the findings of fact and decision, and a transcript of the record and testimony upon which defendant's action is based, with this court. The court shall retain jurisdiction to hear any further appeals of defendant's determination.

**IT IS SO ORDERED.**