Daniel M. STANLEY, Plaintiff,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.

No. CIV.A.04–00436–BH–B.

United States District Court, S.D. Alabama. Southern Division.

Dec. 29, 2005.

Colin Edward Kemmerly, Jonathan P. Gardberg, Gardberg & Clausen, P.C., Mobile, AL, for Plaintiff.

Alex F. Lankford, IV, Patricia Nicole Beyer, U.S. Attorney's Office, Mobile, AL, for Defendant.

### ORDER

HAND, Senior District Judge.

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and there having been no objections filed, the recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) and dated December 2, 2005, is **ADOPTED** as the opinion of this Court.

### JUDGMENT

In accordance with the Order entered on this date, it is hereby **ORDERED, AD-JUDGED, and DECREED** that Plaintiff be awarded attorney's fees under the Equal Access to Justice Act ("EAJA"), and that the award be limited to the EAJA rate of $125.00 per hour, thereby resulting in an award of $1,125.00 for 9.0 attorney hours spent representing Plaintiff in connection with this action.

### ORDER

BIVENS, United States Magistrate Judge.

This matter is before the Court on Plaintiff's "Motion For Award Of Attorney's Fees Pursuant To The Equal Access To Justice Act 28 U.S.C. § 2412," and memorandum in support thereof (Docs. 26 and 27). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(3). Upon consideration of the pertinent pleadings, it is the recommendation of the undersigned that Plaintiff should receive a reasonable attorney's fee in the amount of $1,125.00.

### I. Findings Of Fact

1. Plaintiff commenced this action on July 2, 2004. (Docs. 1 and 2). On September 8, 2005, the Court entered Judgment and reversed and remanded this cause to the Commissioner of Social Security for further proceedings. (Doc. 25).

2. Plaintiff's motion for attorney's fees, and supporting memorandum, was filed on November 18, 2005. (Docs. 26 and 27). In the application, Plaintiff requests an attorney's fee award of $1,125.00. (*Id.*) The attorney's fee request represents a total of 9 hours, at an hourly rate of $125.00 per hour, for attorney time spent representing Plaintiff in this Court. (*Id.*)

3. The Commissioner of Social Security has filed a Response, and states that she has no objection to Plaintiff's motion. (Doc. 29).

## II. *Conclusions Of Law*

1. The Equal Access to Justice Act (EAJA) requires a district court to "award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ..., including proceedings for judicial review of agency action, brought by or against the United States ..., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Commissioner does not dispute the issues of prevailing party status,[1] timeliness,[2] or substantial justification.

2. With regard to a determination of the hourly rate to apply in a given EAJA case, the express language of the Act, as recently amended,[3] provides, in pertinent part, as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... attorneys fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

3. In *Meyer v. Sullivan*, 958 F.2d 1029 (11th Cir.1992), the Court determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorneys fees under the Act:

> The first step in the analysis, ... is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." ... The second step, which is needed only if the market rate is greater than [$125.00] per hour, is to determine whether the court should adjust the hourly fee upward from [$125.00] to take into account an increase in the cost of living, or a special factor.

*Id.* at 1033–34 (citations and footnote omitted).

4. The prevailing market rate in the Southern District of Alabama has been previously determined to be $125.00 per hour. *See Boggs v. Massanari*, C.A. 00-0408–P–C (S.D.Ala.(June 13, 2001)); *Boone v. Apfel*, C.A. 99–0965–CB–L (S.D.Ala.(Aug. 30, 2001)). Because the market rate is not greater than the statutory rate of $125.00 per hour, this Court need not reach the second step of the *Meyer* analysis.

5. With regard to the reasonableness of the hours claimed by Plaintiff's attorney, "[t]he fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and

---

**1.** "[A] party who wins a sentence-four remand order is a prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993).

**2.** The EAJA requires a prevailing party to file an application for attorney's fees within thirty (30) days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). The thirty (30) day clock did not begin to run in this action until this Court's Order of Judgment dated September 8, 2005 (Doc. 25) became final, which would have occurred at the end of the sixty (60) days for appeal provided under Fed.

R.App. P. 4(a)(1). *See Shalala*, 509 U.S. at 302, 113 S.Ct. 2625. Because Plaintiff's motion was filed on November 18, 2005 (Docs. 26 and 27), it is found to be timely filed.

**3.** On March 29, 1996, the EAJA was amended so as to increase the statutory cap on EAJA fees from $75.00 per hour to $125.00 per hour. *See, e.g., Ikner v. Apfel*, 2000 WL 1844704, *2 n. 1 (S.D. Ala. Nov. 9, 2000). These amendments apply to civil actions commenced on or after the date of enactment; therefore, the statutory cap of $125.00 per hour applies in this present action.

hourly rates." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir.1988). "[T]he measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." *Id.* at 1306.

6. In the case *sub judice*, attached to Plaintiff's motion is a time sheet detailing the description of work performed, the time expended and the date on which the work was performed (Doc. 26). The undersigned has reviewed this document and Defendant's response, and finds that, under the circumstances, and given the usual number of hours billed by attorneys in similar actions, Plaintiff is entitled to 9 hours of attorney time expended representing Plaintiff in federal court. *See, e.g., Coleman v. Apfel*, 2000 WL 1367992 (S.D.Ala. Aug. 30, 2000).

### III. *CONCLUSION*

Therefore, upon consideration of the pertinent pleadings, the undersigned Magistrate Judge **RECOMMENDS** that Plaintiff's "Motion For Award Of Attorney's Fees Pursuant To The Equal Access To Justice Act 28 U.S.C. 2412," be **GRANTED**, and that the award be limited to the EAJA rate of $125.00 per hour, thereby resulting in an award of $1,125.00 for 9 attorney hours spent representing Plaintiff in connection with this action.