Donald J. CRANE, Plaintiff–Appellant,

v.

Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant–Appellee.

No. 05–35303.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 9, 2007.*

Filed March 5, 2007.

---

Fed. R.App. P. 34(a)(2).

David B. Lowry, Esq., Law Offices of David B. Lowry, Portland, OR, for Plaintiff–Appellant.

Craig J. Casey, Esq., Office of the U.S. Attorney, Mark O. Hatfield U.S. Courthouse, Portland, OR, Lucille G. Meis, Esq., David J. Burdett, Esq., David J. Burdett, Esq., Social Security Administration, Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

** The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

Before: THOMPSON and BYBEE, Circuit Judges, and MILLS **, District Judge.

## MEMORANDUM ***

Appellant Donald J. Crane appeals the district court's judgment affirming the Commissioner of Social Security's denial of his benefits claims. The facts and procedural history are familiar to the parties, and we do not repeat them here. We review the district court's decision de novo, *Gillett–Netting v. Barnhart*, 371 F.3d 593, 595 (9th Cir.2004), but we "must affirm if substantial evidence supports the Commissioner's decision and if the Commissioner applied the correct legal standards," *Lewis v. Apfel*, 236 F.3d 503, 509 (9th Cir.2001). Crane contends the Commissioner's decision was not so supported for eight reasons.

■ First, Crane asserts the ALJ improperly rejected or ignored the opinions of two of his examining psychologists—Drs. Basham and Shellman. We conclude the ALJ gave specific, legitimate reasons supported by substantial record evidence for rejecting Dr. Basham's opinion regarding the severity of Crane's limited ability to concentrate. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Dr. Basham's opinion was contradicted by two other examining psychologists, both of whom evaluated Crane after Dr. Basham. *See Lester v. Chater*, 81 F.3d 821, 833 (9th Cir.1995). Dr. Basham's opinion also relied primarily on Crane's subjective complaints, which the ALJ properly discounted. *See Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir.1989). Furthermore, because Dr. Basham found

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Crane's limitations were only temporary, the ALJ properly discounted the more severe cognitive limitations within Dr. Basham's report. *See Johnson v. Shalala,* 60 F.3d 1428, 1433 (9th Cir.1995). All of these are specific, legitimate reasons for rejecting Dr. Basham's opinion.

■ The ALJ's failure to discuss Dr. Shellman's opinion is not reversible error. The Social Security regulations require the ALJ to "consider" and "evaluate" all medical opinions, but the ALJ must only provide "good reasons ... for the weight ... give[n to the] *treating* source's opinion" and must only provide reasons for *rejecting* an opinion. 20 C.F.R. §§ 404.1527(b), (d), 416.927(b), (d) (2006) (emphasis added); *see Bayliss,* 427 F.3d at 1216. Dr. Shellman was not a treating physician, and the ALJ did not reject his opinion. In fact, Dr. Shellman's opinion supported a finding of nondisability.

■ Second, Crane maintains that the ALJ improperly evaluated his residual functional capacity ("RFC"). In formulating Crane's RFC, the ALJ included all limitations that were supported by substantial record evidence, including restrictions to light, unskilled work, in a mostly solitary, nonpublic setting, and with slight avoidance of normal work pressures. *See Bayliss,* 427 F.3d at 1217. The ALJ appropriately excluded from Crane's RFC portions of Dr. Basham's opinion that the ALJ had rejected. As discussed below, the ALJ also properly rejected Crane's excess pain and symptom testimony; thus, he was not required to include all of Crane's allegations in his RFC. *See id.* Furthermore, the ALJ had no obligation to conduct a function-by-function analysis for medical conditions or impairments he found unsupported by the record. *Id.* This included Crane's shoulder impingement syndrome, which was permanently resolved after an April 1999 surgery and

did not prevent Crane from working for a continuous period of twelve months or more at any time after his disability onset date. *See* 42 U.S.C. § 423(d)(1)(A) (West Supp.2006).

■ Third, Crane argues the ALJ improperly rejected his subjective symptom testimony. Contrary to Appellant's claim, the ALJ gave specific, clear and convincing reasons supported by substantial record evidence for rejecting the limitations Crane asserted his impairments placed on him. *See Johnson,* 60 F.3d at 1433. Those clear and convincing reasons included inconsistencies between Crane's testimony and his report to an examining psychologist, Crane's activities of daily living, and reports of physicians that contradicted Crane's claimed limitations. *See Thomas v. Barnhart,* 278 F.3d 947, 958–59 (9th Cir.2002).

■ Next, Crane contends the ALJ erred in relying on the vocational expert's ("VE's") response to an incomplete hypothetical question. The ALJ's hypothetical encompassed all restrictions that were supported by substantial evidence in the record, including Crane's mental limitations. It was therefore a proper hypothetical. *See Osenbrock v. Apfel,* 240 F.3d 1157, 1164–65 (9th Cir.2001). The ALJ correctly excluded from his hypothetical limitations alleged by Crane that were not supported by the evidence. *See id.*

■ Fifth, Crane challenges the ALJ's reliance on the VE's testimony regarding the number of jobs available in the local and national economies because he contends the VE's testimony lacked foundation and did not satisfy the *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), standard for expert testimony. We have previously stated that "[a] VE's recognized expertise provides the necessary

foundation for his or her testimony. Thus, no additional foundation is required." *Bayliss*, 427 F.3d at 1218. Neither the Federal Rules of Evidence nor the *Daubert* standard applies to administrative hearings in Social Security cases. *Id.* at 1218 n. 4. The VE in Crane's case testified that, in forming her opinion, she relied on the *Dictionary of Occupational Titles* ("DOT"), a publication recognized by the Social Security regulations as a source of "reliable job information." 20 C.F.R. § 404.1566(d)(1) (2006).

■ Crane further asserts the ALJ should have considered documentation he submitted regarding numbers of available jobs. The ALJ, however, is not required to discuss *all* evidence presented to him, although he must "explain why significant probative evidence has been rejected." *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir.1984) (citation and quotation marks omitted). The evidence Crane submitted was neither significant nor probative. It did not provide information regarding how many jobs were available in the local and national economies, and even if it had, the ALJ already relied on a proper source for that information—the VE's testimony, based on the DOT.

■ In addition, Crane contends the ALJ improperly rejected and excluded from the record his pre-hearing motions. The ALJ actually denied Crane's motions as being without basis in law or fact. Crane had moved to suppress the VE's testimony for lack of foundation and to require the ALJ to receive medical expert testimony. Both motions were properly denied. As discussed above, the argument regarding lack of foundation for the VE's testimony is without merit. The alleged need to develop the record through medical expert testimony is addressed below. Crane argues the ALJ should have includ-

ed the motions in the transcript of record, and his failure to do so requires a sentence six remand under 42 U.S.C. § 405(g). This is incorrect. A sentence six remand is permitted in only two situations: "where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Shalala v. Schaefer*, 509 U.S. 292, 297 n. 2, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993) (citations omitted). Neither of those situations is present here. Therefore, a sentence six remand is not required.

■ Finally, Crane argues the ALJ erred by failing to develop the record through medical expert testimony regarding whether Crane's conditions were equivalent to any Social Security impairment listings. But, as the claimant, Crane bears the burden of proving he has an impairment that meets or equals the Social Security disability listings. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir.2005). The ALJ received written findings from a state agency psychiatrist who concluded that Crane's impairments did not meet or equal the listings and that Crane's mental impairments were not severe. The signed written opinion of the state agency physician was a sufficient basis for the ALJ's equivalence determination, and the live testimony of a medical expert was not required. *See* S.S.R. 96–6p (Cum. Ed.1996). The ALJ must only develop the record if the evidence is ambiguous or "the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001). The evidence here was neither ambiguous nor inadequate. The ALJ engaged in an in-depth analysis of whether, based on the medical evidence of record, Crane's mental impairments met or eq-

ualed listings 12.04, 12.06, 12.08, or 12.09. No more was required.[1]

For the above stated reasons, we conclude that the ALJ's decision denying benefits to Crane is supported by substantial evidence and free of legal error.

**AFFIRMED.**

---

1. Crane also argues the ALJ should have further developed the record regarding Dr. Basham's understanding of the term "episodes of decompensation" and Crane's shoulder impingement syndrome prior to surgery. We reject his argument because the record regarding these two issues is neither ambiguous nor "inadequate to allow for proper evaluation of the evidence." *See Mayes,* 276 F.3d at 459–60.

