FILED
United States Court of Appeals
Tenth Circuit

November 9, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CLIFFORD L. CLAUSEN,

          Plaintiff-Appellee,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

          Defendant-Appellant.

No. 09-8001
(D.C. No. 2:98-CV-00030-ABJ)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **ANDERSON**, and **EBEL**, Circuit Judges.

---

The Commissioner of Social Security appeals from district court orders that
(1) awarded attorney fees to Clifford L. Clausen under the Equal Access to Justice
Act (EAJA), 28 U.S.C. § 2412, and (2) denied the Commissioner's motion for
reconsideration of the fees award.  Exercising jurisdiction under 28 U.S.C.
§ 1291, we vacate and remand for further proceedings.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

In 1997, the Commissioner denied Mr. Clausen's application for disability insurance benefits and supplemental security income. In 1998, the district court remanded the matter to the agency, citing agency errors and the need for further record development. But the district court did not indicate whether the remand was pursuant to sentence four or sentence six of 42 U.S.C. § 405(g),[1] nor did it enter a separate judgment. On remand, Mr. Clausen was determined to be disabled.

In 2003, the Commissioner returned to the district court and filed a motion for entry of judgment in favor of Mr. Clausen. While the motion was pending, Mr. Clausen died. In 2007, unaware of Mr. Clausen's death, the district court granted the motion and entered judgment "in accordance with the Court's . . . 1998 Order Remanding for Further Proceedings, and not pursuant to the subsequent proceedings." Aplt. App. at 62.

Mr. Clausen's attorney, Berthenia Crocker, filed a motion for EAJA fees, which included the time spent representing Mr. Clausen on remand to the agency. The Commissioner opposed the motion. In 2008, the district court ruled that its 1998 remand order originated under sentence four, but it nevertheless authorized fees for attorney Crocker's post-remand work. The district court's reasoning for

---

[1]     EAJA fees for an attorney's representation on remand are available only in sentence six remands, where the district court retains jurisdiction during the agency proceedings. *See Shalala v. Schaefer*, 509 U.S. 292, 299-300 (1993).

doing so is not clear, but it did comment on "the horridly confused state of the record." *Clausen v. Astrue*, No. 98-CV-30-J, at 14 (D. Wyo. Sept. 30, 2008).

Thereafter, the Commissioner filed a motion for reconsideration, arguing that attorney fees are not available for sentence-four remand work. The district court construed the motion as seeking relief under Fed. R. Civ. P. 60(b), and denied relief.

The Commissioner timely appealed from the order awarding EAJA fees and the order denying reconsideration. Attorney Crocker has filed a motion for substitution of herself as the appellee in place of Mr. Clausen. The Commissioner has filed a cross-motion, seeking either to have Mr. Clausen's adult children (who have not been served with a copy of the cross-motion) substituted as appellees or to have the appeal proceed as if Mr. Clausen had not died.

## DISCUSSION

The district court's order awarding EAJA fees is internally inconsistent. On the one hand, it finds that the 1998 remand was pursuant to sentence four, but on the other hand, it awards fees as if the remand was pursuant to sentence six. Consequently, clarification by the district court is necessary.

Further, there is no appellee before this court, and the proposals for filling that vacancy on appeal are insufficient. *See* Fed. R. App. P. 43(a).

-3-

## CONCLUSION

Accordingly, we VACATE the district court's 2008 orders awarding Mr. Clausen EAJA fees and denying the Commissioner's motion for reconsideration, and we REMAND this matter for further proceedings to clarify the district court's intent with respect to EAJA fees.[2]

On remand, the district court shall also determine the proper party to be substituted as the plaintiff in the action, and effectuate that substitution pursuant to the provisions of Fed. R. Civ. P. 25(a).

Finally, attorney Crocker's motion for substitution and the Commissioner's cross-motion are DENIED.

Entered for the Court

David M. Ebel
Circuit Judge

---

[2] By remanding this matter, we do not intend to suggest any particular outcome with respect to Mr. Clausen's application for EAJA fees.