**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
## Chicago, Illinois 60604

Argued October 6, 2010
Decided November 3, 2010

### Before

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

| | |
|---|---|
| No. 10-1809<br><br>JANET L. TAYLOR,<br>    *Plaintiff-Appellant*,<br><br>    *v.*<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br>    *Defendant-Appellee*. | Appeal from the United States District Court for the Central District of Illinois.<br><br>No. 08-CV-2178<br>Michael P. McCuskey, *Chief Judge*. |

### Order

Contending that she was disabled by sarcoidosis, Janet Taylor applied for disability insurance. An administrative law judge did not believe Taylor's account of her condition's effects and concluded that she could still perform her most recent job, that of retail stock clerk. This led to an order denying the application for benefits.

On her application for judicial review, a magistrate judge recommended that the court remand for further consideration of the application. 2009 U.S. Dist. LEXIS 74884 (C.D. Ill. Aug. 4, 2009). The magistrate judge concluded that substantial evidence supports the ALJ's decision to disbelieve Taylor, but he faulted the ALJ's opinion for failing to discuss Taylor's obesity, which had been caused by drugs that Taylor took to combat the sarcoidosis. The magistrate judge recognized that Taylor had not requested benefits based on obesity but thought that the ALJ nonetheless should have discussed complications of her medical treatment. And, the magistrate judge added, because the proceeding would be remanded, the ALJ should discuss Taylor's self-report of depression. No medical evidence supported this report, and Taylor was not receiving treatment for any mental condition, but the magistrate judge thought it best to flag this as an issue for further consideration. The district judge approved the magistrate judge's recommendation. 2009 U.S. Dist. LEXIS 74902 (C.D. Ill. Aug. 24, 2009).

Taylor then filed a motion for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. §2412. (The motion was late, but the Commissioner makes nothing of this, and, as the deadline is not jurisdictional, we don't either.) The remand makes her a "prevailing party," see *Shalala v. Schaefer*, 509 U.S. 292 (1993), which entitles her to fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. §2412(d)(1)(A). The magistrate judge concluded that the agency's position was substantially justified and recommended that the district judge deny the motion. 2009 U.S. Dist. LEXIS 124456 (C.D. Ill. Dec. 11, 2009). The district judge agreed with this recommendation, 2010 U.S. Dist. LEXIS 8650 (C.D. Ill. Feb. 2, 2010), and Taylor has appealed.

Much of Taylor's argument amounts to a contention that the showing required for a remand is so high that the agency's defense of its position cannot have been substantially justified. That position is not compatible with the principle that it is possible for the agency to lose on the merits while having a substantially justified position, see *Pierce v. Underwood*, 487 U.S. 552 (1988), and in particular conflicts with the law of this circuit concerning remands in Social Security disability cases. See *United States v. Thouvenot, Wade & Moerschen, Inc.*, 596 F.3d 378 (7th Cir. 2010). We held in *Thouvenot* not only that it is possible for the Social Security Administration to have a substantially justified position that fails on the merits, but also that if the same judge who remands a disability proceeding later denies a motion for attorneys' fees that the EAJA decision is "entitled to substantial weight". *Id.* at 387.

A court must consider the agency's position as a whole, not just the parts that failed to persuade. See *Gatimi v. Holder*, 606 F.3d 344, 349 (7th Cir. 2010). The main issue in this proceeding was whether the ALJ's credibility decision was supported by substantial evidence. On that question the agency prevailed. Taylor had not argued to the ALJ that her obesity or depression supported disability benefits; it is therefore understandable that the ALJ did not discuss them. The remand order reflects a judicial decision that related and potentially interacting conditions should be discussed fully. That the court reached this conclusion does not imply that either the ALJ's decision or counsel's defense of it was unjustified. We therefore conclude that the district court did not abuse its discretion (the applicable standard, see *Underwood*) when denying the motion for attorneys' fees.

AFFIRMED